## R. St. Clair Graham v. Joseph A. Trimmer.

1. JUROR—RESIDENCE. Where, upon the trial of a cause in the district court, a juror was called and sworn, and upon his being objected to as incompetent to sit as such juror, it was made to appear that about fourteen months previously he had been a resident of this State, but that, at such time, he had taken his family and household effects and removed to the State of Pennsylvania, with the intention of there residing and doing business for at least two years; and further, that upon his arrival in said State he commenced housekeeping with his family, and entered upon a regular

business, and so continued keeping house in said State for more than a year, when he returned with his family to this State, which occurred some two months previous to the date of such trial : *Held*, That it was error for the court to overrule such objection—and this, notwithstanding such party may have intended to return to this State during the time he was so absent therefrom.

2. EVIDENCE—CUSTOM. Where the subject of controversy in a suit was, among other things, the amount, in yards, of a certain job of plastering : *Held*, That it was not error for the court to permit evidence to be given as tending to show the proper and customary method of measuring and ascertaining the amount of such work ; but such evidence would not have the effect of changing an express contract between the parties.

3. TRIAL—ISSUES—EVIDENCE. Evidence should be confined to the issues made upon the pleadings, and it is a duty of the court to insist upon a compliance with such rule. And it is not error to reject evidence offered to establish a fact not tendered or put in issue by the pleadings.

4. ——— But where the petition alleged a certain amount of plastering had been done, and the price thereof, and the answer admitted a less amount, naming it, and alleged that "no more" had been done, an issue is thereby raised as to the quantity or amount performed, and it is error to reject evidence offered to sustain such answer.

5. CONTRACT, EXPRESS—*Performance.* Where there is an express contract between the parties, in and by which the plaintiff has contracted to do certain work "in a good and workmanlike manner," he must, in an action to recover the contract-price, show that he has performed his work according to the contract between the parties. But in such action it is competent for the plaintiff to prove that "the contract was made by the parties with the expectation that such materials were to be used in the job."

## *Error from Atchison District Court.*

ACTION brought by *Trimmer* to recover a balance of $1006.75 due on a contract for work and labor and materials in the construction of a certain brick building, and to foreclose a mechanic's lien therefor. The petition states that the whole job amounted to $2056.75, on which plaintiff admits payments to the amount of $1050; and it sets forth the various items of the plaintiff's account, two of which are—"For furnishing materials, and lathing and plastering 2073 yards, hard finish, at 55c. per yard, lath work, $1140.15; for furnishing materials and plastering 1904 yards, on brick walls, at 40c. per yard, $761.60." Defendant *Graham* answered, *first*, a denial of said alleged indebtedness, and of any indebt-

edness whatever; *second*, "that plaintiff undertook to do the work and furnish the materials sued for in a good workmanlike manner, and at the following named prices therefor, to-wit: For pine lath, three-coat work, plaster-of-paris finish, at 55c. per yard; brick work, like finish, at 40c. per yard; for sand finish, with lath, at 50c. per yard; brick work, sand finish, at 35c. per yard. That the plaintiff entered upon said work to do sand-finish work, and did not undertake for defendant any plaster-of-paris work; and of such work pretended to do 1906 yards of brick work, and $1902\frac{1}{2}$ yards of lath work, and no more; that during the time such work was being done the defendant knew nothing of the manner in which the same was so being done; that said work proved not to be done in a good workmanlike manner, but on the contrary said work was so badly done, and the materials by plaintiff furnished were of so poor quality, that said work is wholly unfit for the use for which it was intended, and defendant has entirely lost all benefits from or by reason of such work," etc. To this answer *Trimmer* replied, denying the allegations of new matter.

The cause came on for trial, and a question regarding the competency of one of the jurors is raised by the record, as follows:

"This case being called for trial, and a jury being demanded, and after the regular pannel was exhausted, and both parties had exhausted their peremptory challenges, one Nelson Goslin was called as a talesman, and upon his *voir dire* said Goslin states that some years ago he moved to Atchison, and lived here until about fourteen months ago, when he rented his house and took his family and furniture and removed to Pennsylvania; that when he left Kansas, and during all his absence, he intended to return again to Kansas; that he went to Pennsylvania intending to go into the glass business;

where he had before lived; that he immediately went to housekeeping with . his family, and not going into the glass business, after some six months he went into the livery business there, and continued in this business until about two months ago, when he sold out, and soon after he removed back to Kansas : that when he removed to Pennsylvania he intended to reside there at least two years ; that on his return he came first to Leavenworth, and remained there about one month, and then came back to Atchison; that in Pennsylvania at the general election last fall he offered to vote, but was refused because he had not been back in the State for six months at that time." And thereupon defendant objected to the competency of said Goslin as a juror, but the court overruled the objection, and defendant excepted.

The plaintiff called witnesses, who were permitted to testify, over defendant's objection and exception, that, " The general custom among plasterers, in measuring their work, is, to measure all openings to which there is plastering upon either side."

The defendant offered to prove that he had expended a large amount of money in repairing the plastering, which evidence the court refused to receive. The defendant also offered testimony to show that the number of yards of plastering done by plaintiff was not so great as claimed in the petition, which the court also refused to receive.

The court charged the jury. "that if they found for the plaintiff, then the plaintiff was entitled to recover for the full number of yards claimed in the plaintiff's petition, there being no issue in the pleadings as to the number of yards of work at the price agreed upon between the parties, with interest from the time the work was done at the rate of seven per cent. per annum, less the sum of $1050, which had been paid on said work by the defendant." To which the defendant excepted.

The defendant asked several instructions, the "sixth" and "eighth" of which were refused, to-wit:

"6th. If the jury find a verdict for the plaintiff they will allow him for the number of yards actually plastered, carefully excluding from their calculation all openings, and therefor allowing plaintiff only for the number of yards actually plastered."

"8th. If the plaintiff contracted to make a good and workmanlike job of plastering, then it is not sufficient for him to show that he had made as good a job as is generally made in this city of Atchison." Refused, and defendant excepts.

The defendant also asked, and the court gave the following instruction:

"5th. If the parties in this cause contracted for plastering to be done in a good workmanlike manner, then the meaning of that contract was, that plaintiff should actually do for defendant a good workmanlike job, and it is no excuse for the plaintiff's not doing so that the material ordinarily used in this city are of such a character that with them a good workmanlike job cannot be done; nor is it any excuse for plaintiff that the plastering done in Atchison on other jobs does not stick or remain on as well as in other places. If plaintiff contracted to do a good workmanlike job of plastering, he must do so at his own costs, or receive no pay, unless released from the terms of his contract by defendant." *Given, with the following explanation:* "But if the jury find that the plaintiff used the best kind of materials in doing this work, and such as are generally used by mechanics in the city of Atchison and vicinity, and there is any defect in the work on account of the use of such materials, it will not deprive the plaintiff of his right to recover, provided the jury find that he made the best use of such materials as were to be had, and made a good workmanlike job of the same." And to such *explanatory* instruction, defendant excepted.

Verdict and judgment for plaintiff for $953; and defendant brings the case here on error.

*Graham & Berry*, for plaintiff in error:

1. The juror Goslin was not competent, the record showing him to be a resident of Pennsylvania. *Harris v. Furth*, 4 Cranch, 710.

2. It was error for the court to admit evidence of custom in the measurement of the work done.

3. The charge of the court to the jury relative to the issues was erroneous. The answer denied *indebtedness*, and of course it raised an issue as to the "amount" of plastering. The charge was erroneous also, because all allegations of value or of amount of damages are deemed controverted without answer. Gen. St., p. 653, § 128.

4. The charge of the court taken together was calculated to mislead the jury.

*C. G. Foster*, for defendant in error:

1. Goslin was a properly qualified juror. He was an old resident of the State, and left temporarily for a particular purpose, with the avowed intention of returning; he was an elector of Kansas. *Hart v. Horn*, 4 Kas., 239; 1 Lead. Cas., 735; 1 Metc., (Mass.,) 250, 587; 11 Mass., 350; 15 Maine, 479; 8 Ala., 159; Gen. Stat., p. 1000.

2. There was no issue as to the price per yard to be paid, nor as to the amount of work done.

3. There was no error in admitting evidence to prove the custom as to measurement; it tended to prove the amount of work done, and so to determine the value of such work.

4. The charge of the court was a fair construction of the contract proved, and of the law pertaining thereto. Chit. Cont., 73, 287, notes; 2 Pars. Cont., 90.

The opinion of the court was delivered by

SAFFORD, J.: It is claimed that the court below erred in permitting one Goslin to be sworn as a juror, on the trial of this case, and over the objection of the then defendant, now plaintiff in error. The ground of the objection to said Goslin was that he was not possessed of the qualifications of a juror, by reason of his having become a resident of this State only a month or two before being called as such juror. We are of the opinion that the objection was well taken, and should have been sustained. It appears from the bill of exceptions that the juror had formerly resided in the county of Atchison, but about fourteen months previous to the trial of this case, he had removed to the State of Pennsylvania with the intention of there residing and doing business at least two years. It also appears that immediately upon his arrival in said State of Pennsylvania he commenced housekeeping with his family, and thus continued for more than one year. He also entered upon a regular business in said State, and followed it until about the time of his return to this State, which occurred some two months previous to the date of this trial. Under such a state of facts we do not see how Goslin could be regarded otherwise than as having been a resident of the State of Pennsylvania during all the time he was there; and if such was the case, he could not at the same time have been a resident of the State of Kansas. It is absurd to say that a man can be a resident of two States, or two places, at one and the same time. But it is said, and much stress is laid upon the fact, that this party when he left Kansas intended to return, and that he never abandoned the intention of so returning.

*1. JURORS. Qualifications— residence.*

This may be true; but still it does not do away with, nor affect the fact, that after he left Kansas he became a resident of Pennsylvania, and so remained for more than a year. That fact still remains, and it follows that, as far as his present residence in Kansas is concerned, it cannot be deemed to have commenced at any other time than upon his return, as before stated. The conclusion is therefore inevitable, that at the time he was sworn as a juror in the case below, he was not competent to sit as such. This point is conclusive of the case here, and it must go back for a new trial.

II. But other points are made which it seems necessary for us to mention. Upon the trial evidence was sought to be introduced, touching the proper and customary method of measuring certain kinds of work, about which the dispute existed. This was objected to, but to some extent was allowed by the court and as we think correctly. Such inquiry in such a case—that is, when the matter is open, for all that appears to the contrary—is to our minds clearly competent, and if confined within reasonable limits, is calcutated to assist the jury in arriving at a just determination as to the merits of the matter in dispute. The record does not show that anything was done in this behalf beyond that which we think the law allows. It is however, to be remarked that evidence of the nature of that referred to, will not have the effect of changing or affecting an express contract of the parties, in regard to the subject-matter to which it was directed.

The attention of the court has been called to other instances, where questions were permitted to be put to witnesses, on the trial below, and over the objection of the plaintiff in error. Some of them are perhaps objectionable, but so far as

*Margin notes:*
2. EVIDENCE: Proof of custom allowed, to determine measurement.

——Evidence must be prejudicial, as well as erroneous, to authorize a reversal,

we are able to judge, they were not of such a character as to materially and prejudicially affect the rights of the objecting party, nor did they elicit replies which would seem to have had such an effect. Such being the case, no reversal should be had on the ground of such questions alone.

III. It is further urged by the plaintiff in error that the court below erred in not permitting him to show, that he had expended a large amount of money in repairing the plastering, which was the subject of the suit. It seems to us that the ruling of the court was correct, and for the reason that evidence of the character referred to was not admissible under the pleadings. Evidence should be confined to the issues formed by the pleadings; and as there was no issue to which the evidence proposed could be directed, it was not error to refuse to permit it to go to the jury.

3. PLEADINGS. ISSUE. Evidence to be confined to issue joined.

IV. Another question in regard to the admission of testimony, or rather, the refusal to admit, will be considered in connection with the instructions which were given to the jury. It is contended that the court erred in charging the jury, " That if they found for the plaintiff, then the plaintiff was entitled to recover for the full number of yards claimed in the plaintiff's petition, there being no issue in the pleadings, as to the number of yards of work, at the price agreed upon, with interest," etc. The pleadings are somewhat unsatisfactory, and perhaps defective, and liable to objection in several respects; but regarding them liberally, and as the parties themselves seem to have done, we think there was an issue formed between the parties as to the *amount* in yards of plastering, which

4 ——And error to exclude evidence applicable to such issue.

was the subject of the controversy. The petition with the exhibits show one estimate of the work done in yards, while the answer admitted a less number and denied that there were more than such less number. We so understand the pleadings; and if we are right, it clearly follows that the instruction of the court referred to was wrong. And it also follows that the court erred in excluding the testimony of the defendant below which tended to show generally that the number of yards of such plastering, was less than the number claimed in the petition. It seems to be claimed by the defendant in error, that such diminution resulted from a difference in the way of measurement by one witness, from that pursued by the other; but this does not appear from the record; and we think that the defendant was entitled to have the testimony go to the jury, for all that appears to the contrary in the record.

V. With respect to the refusal of the court to instruct the jury, as requested by defendant below, in instructions numbered six and eight, we are not able to say

5. CHARGE to jury. Facts and law of case discussed.

that it was wrong. Ordinarily, as before intimated, the sixth instruction would be incorrect; and there is nothing in this record going to show that a different rule should be made to apply in this case. Why the court refused the eighth instruction, we are not informed. The record does not purport to show all of the instructions, and it may have been on the ground, that the substance of the charge had already been given to the jury. As to the charge designated as explanatory of the fifth instruction, it seems to be worded in such a manner as to be liable to mislead the jury. And yet the idea which was undoubtedly prominent in the mind of the court, and which was intended to be conveyed to the

jury, was correct. This, as we understand it, was to the effect that it was the duty of the plaintiff below, in order to recover, to show that he had performed his work " in a good and workmanlike manner," according to the contract between the parties. If the court had, in such explanatory instruction, inserted after the words "Atchison and vicinity," the further condition, "and the contract was made by the parties with the expectation that such materials were to be used in the job," then the law would have been properly presented to the jury. On a new trial this can be done.

The judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.