GEORGE L. MILLER v. IDA BLUE, alias Ida Craigue.

NUISANCE—Damages—Action—Incompetent Evidence. In an action for damages by the owner of a building, against the owner of an adjacent building, for the maintenance of a nuisance therein, and the answer is a general denial, it is error to admit evidence, over objection, tending to prove that plaintiff had, at a time prior to the origin of his alleged cause of action, kept a saloon, in violation of law, in his building.

*Error from Geary District Court.*

THE material facts are stated in the opinion. Judgment for defendant *Blue*, at the March term, 1887. Plaintiff *Miller* brings the case here.

*J. R. McClure,* for plaintiff in error.

*J. R. Burton,* for defendant in error.

Opinion by STRANG, C.: This was an action for damages, commenced in the district court of Geary county. The plaintiff alleged in his petition that he was the owner and in possession of a certain stone business house in the city of Junction City; that the defendant, since the erection of his said business house by the plaintiff, had constructed on the lots abutting his in the rear, a frame building, in which for two years then last past she had kept and maintained a nuisance, to wit, a bawdy-house, or house of ill-fame; that by reason of the maintenance of such nuisance in her said building by the defendant, the plaintiff had been prevented, during said period of two years, from renting his said store-house, whereby he had been damaged in the sum of $1,200. The defendant answered by a general denial simply. On the trial of the case in the court below, the plaintiff was introduced as a witness in his own behalf to prove the ownership of his building, its rental value, his unavailing efforts to lease it during the period named in his petition, and that the defendant during said period kept and maintained in her said building the nuisance complained of. On the cross-examination he was asked if during the time he occupied his building he did not use it as a saloon; if he did not sell beer and whisky therein by the glass—by the drink; if he did not have a large quantity of whisky stored in the cellar of said building at the time of the trial; what it was worth, and what he paid for it. All of which evidence was admitted over the objection of the plaintiff, and the ruling of the court in that regard was by him properly excepted to. The admission of such evidence, over the objection of the plaintiff, is assigned as error here. ·

Under the pleadings in the case, the questions to be determined were: First, was the plaintiff the owner and in the possession of the building described in his petition as his, during the time therein stated ? Second, did the defendant,

during the period named by plaintiff in his petition, keep and
maintain the nuisance complained of, to the injury of the plain-
tiff ?    Third, if so, how much damage did the plaintiff suffer
thereby ?    A rule governing the introduction of testimony is,
that the evidence offered must correspond with the allegations
in the pleadings, and be confined to the point in issue. (*Brook-
over v. Esterly*, 12 Kas. 152.) And it is the duty of the court to
insist upon a compliance with such rule. (*Graham v. Trimmer*,
6 Kas. 230.)    Did the evidence, the admission of which is
complained of, relate to the issue, or any part thereof ?    We
think not.    Just what light such evidence would throw upon
any of the questions raised by the pleadings, it is difficult to
understand.

If the plaintiff had at any time kept a saloon in his build-
ing, in violation of law, and had complained of the defendant
for keeping a bawdy-house adjacent thereto, covering the same
period of time during which he was running his saloon, such
evidence would be admissible in mitigation of damages, in an
action by the plaintiff against the defendant for damages ac-
cruing to him growing out of the keeping, by the defendant,
of such bawdy-house.    But in this case the record shows that
the plaintiff had not occupied his building for nearly two
years, and that he made no claim for damages for any portion
of the time during which he had occupied it; hence the
evidence was not material for that purpose.    A careful ex-
amination of the record discloses no ground upon which the
evidence complained of was admissible in this case.    If not
admissible, was its admission prejudicial to the rights of the
plaintiff ?    We think it was.    By the admission of such tes-
timony, and the instruction of the court in relation thereto,
which was also complained of and assigned as error, the jury
may have been misled.    They probably were led by such
evidence to believe that the plaintiff, as well as the defendant,
had been engaged in business in violation of law; and if so,
that he had no right to complain of the consequences of the
defendant's violation of law.    We think such evidence would
tend to produce in the minds of the jury such a conclusion,

and was therefore prejudicial to the plaintiff's rights, and hence error.

It is therefore recommended that the judgment of the district court be reversed, and the cause remanded for another trial.

By the Court: It is so ordered.

All the Justices concurring.