GUTHRIE NATIONAL BANK v. JOHN DOSBAUGH AND JOHN M. DOSBAUGH, *partners as* DOSBAUGH'S BANK.

(Filed July 17, 1902.)

ESTOPPED—Bank Draft. A bank which induces another bank to honor the draft of a third person so that he may pay a debt due his creditor cannot be heard to say that the maker of the draft did not owe his creditor the amount of the draft, even though the authority to honor the draft was limited to the amount due from the maker of the draft to his creditor, when the only person from whom the paying bank could ascertain the amount due was from the maker of the draft and his creditor, and they each represented that the amount of the draft was the amount of the debt.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*Dale & Bierer,* for plaintiff in error.

*Geo. S. Green,* for defendant in error.

Opinion of the court by

BURWELL, J.: One J. J. Wilson owned several hundred cattle, which were located in the state of Kansas. Peter O'Connor assisted by H. H. Hagan bought these cattle from Wilson and paid him fifteen hundred dollars on the purchase price and were to pay the balance on delivery. When Hagan and O'Connor went to get the cattle a dispute arose between them and Wilson as to the terms of the contract of sale, and Wilson refused to make delivery, and Hagan and O'Connor claim that he also refused to return the fifteen hundred dollars. The fact of this controversy was made known to the defendant in error, Dosbaugh's bank, but finally Hagan and O'Connor agreed to accede to Wilson's

demands, and Hagan drew a draft on the Guthrie National
bank, of Guthrie, O. T. for the money with which to pay
for the cattle. This draft was as follows:

"Dosbaugh's Bank.
                "CEDARVALE, KANSAS, October 6th, 1898.
    "Pay to the order of Dosbaugh's Bank, $10,268.40, Ten
Thousand Two Hundred and Sixty-Eight and 40-100 Dol-
lars. Value received, and charge to account of,
"(Signed)                            H. H. HAGAN.
"To Guthrie National Bank, Guthrie, O. T."

On the face of this draft also appears the following
memoranda:

    "For payment of 400 steers, sold to Peter O'Connor."

Before accepting the draft and advancing the money
on it, Dosbaugh's Bank sent the following message to the
Guthrie National Bank:

    "CEDARVALE, KANSAS.           October 6th, 1898.
"To the Guthrie National Bank, Guthrie, O. T.
    "Is H. H. Hagan's check good for ten thousand five
hundred dollars. Answer at once.
                        "(Signed) DOSBAUGH'S BANK."

The Guthrie National bank then answered this mes-
sage in the following language:

                "GUTHRIE, O. T., October 6th, 1898.
"Dosbaugh's Bank, Cedarvale, Kansas.
    "Hagan's check for balance due Wilson is good.
            "(Signed) GUTHRIE, NATIONAL BANK."

Upon receipt of this reply Dosbaugh's Bank gave to
Wilson a certificate of deposit for the amount of the draft,
and the cattle were then delivered to Hagan and O'Connor.
Dosbaugh's Bank forwarded the draft to its correspondent

in Kansas City, and it sent it to a bank in Guthrie for collection, but when the Guthrie bank presented the draft to the Guthrie National for payment, the latter refused to pay it, and the draft then went to protest.

Subsequently by an arrangement between all of the parties the Guthrie National bank paid on the draft the sum of nine thousand seven hundred and twenty-four dollars and forty cents, and Dosbaugh's Bank then commenced this action in the district court of Logan county for the difference between that amount and the face of the draft with interest. Judgment was rendered for the plaintiff for six hundred and seventeen dollars and ninety-two cents, and the defendant appealed.

It is contended by the plaintiff in error, (1,) that the $617.92 was without consideration; that Hagan and O'Connor were compelled to agree to pay Wilson that sum in addition to the amount that was actually due him under the contract, or lose the $1,500 which they had actually paid, and, (2,) that the message sent by the Guthrie National bank to Dosbaugh's Bank limited the liability of the Guthrie National bank to the amount due from O'Connor to Wilson under the original contract.

We cannot agree with counsel for appellant that there was no consideration for the $617.92 in controversy. The draft was not payable to Wilson. If it had been, then it may be that so long as Wilson remained the owner thereof Hagan could stop payment and lititgate that question; but the draft was payable to Dosbaugh's Bank, and the proceeds of it paid to Wilson by direction of Hagan, which was equivalent to paying it to Hagan himself.

Now as to the telegram sent by the Guthrie National bank, the language was "Hagan's check for balance due

Wilson is good." In construing this message and the legal effect to be given it, the court should take into consideration the facts and circumstances surrounding it as disclosed by the record. The Guthrie National bank had given a letter of credit to the amount of $10,500 addressed to Wilson. When Mr. Hagan went to get the money at Dosbaugh's Bank he exhibited this letter of credit, but it was not addressed to that bank; hence, the message from Dosbaugh's Bank to the Guthrie National bank asking if Hagan's check for $10,500 was good.

It was intended by all of the parties that Dosbaugh's Bank should advance the money to close this deal. The Guthrie National bank was assisting Hagan, and it understood that he was buying these cattle from Wilson for O'Connor, but it did not know the exact amount due Wilson on the deal. Otherwise it would have wired the exact amount for which it would have honored Hagan's check. And this theory is borne out by the letter of credit given to Hagan. It was as follows:

"Guthrie National Bank,
                    "GUTHRIE, O. T., October 6th, 1898.
"Jerome Wilson, Cedarvale, Kansas.
    "Dear Sir: Mr. H. H. Hagan made arrangements with this bank to pay his check for the balance due you on the O'Connor cattle deal with you. We do not know just the amount due you, but about $10,500 will be his check.
                    "Yours resp.
            "(Signed   J. W. McNEAL, President."

The only way that Dosbaugh's Bank could know the amount due on this deal was from reading this letter which Hagan exhibited to its officers, and by what Wilson, Hagan and O'Connor told the officers of the bank, and this fact

was known to the Guthrie National bank when it wired the message on October the sixth. From this letter it will be seen that the Guthrie National bank expected the check to be for about $10,500, and even if Hagan and O'Connor had previously puchased these cattle for less money than they finally had to pay for them, under all of the circumstances of this case the Guthrie National bank should pay the full face of the draft. The letter of credit which it gave Hagan, together with the message sent by it, undoubtedly induced the officers of Dosbaugh's Bank to believe that Hagan had a right to check on it for at least $10,500.

The judgment of the trial court is hereby affirmed, at the cost of appellant.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.