CITIZENS' BANK OF WAKITA V. GARNETT *et al.*

No. 1990, Okla. T.    Opinion Filed May 15, 1908.

(95 Pac. 755.)

1.    **TRIAL—Demurrer to Evidence.** If there is some evidence fairly tending to establish each fact necessary to the defense of the defendant in an action on a promissory note, a demurrer to such evidence should be overruled by the court.

2.    **SAME—Instructions—Applicability to Pleadings and Evidence.** It is not error for the court to refuse to instruct the jury upon an issue that is not presented by either the pleadings or the evidence in the case.

3.    **SAME—Instructions—Those Requested Covered by Others.** It is not error for the court to refuse to give a requested instruction upon a proposition when the same proposition is submitted to the jury by another instruction of the court, and when the instructions of the court, taken as a whole, fairly submit to the the jury all the law applicable to the case.

4.    **BILLS AND NOTES—Title of Assignee of Nonnegotiable Note.** The assignee of a nonnegotiable note acquires only the title of the assignor subject to all the equities and defenses which the makers of the note would have against the same in the hands of the payee.

(Syllabus by the Court.)

*Error from District Court, Grant County; before James K. Beauchamp, Judge.*

Action by the Citizens' Bank of Wakita against J. E. Garnett and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Sam P. Ridings,* for plaintiff in error.

*Charles West, Winfield Scott, C. H. Parker,* and *P. C. Simons,* for defendants in error.

HAYES, J.    The Citizens' Bank of Wakita brought this action in the district court of Grant county against J. E. Garnett and

W. O. Jones on a promissory note payable to the order of W. E. Lemon for the sum of $1,380, executed by J. E. Garnett as principal and W. O. Jones as surety, and indorsed without recourse by W. E. Lemon to the Citizens' Bank of Wakita. Plaintiff's petition in the court below contained the usual necessary averments of a petition in an action on a promissory note.

Defendants by their answer admit the execution of the note sued on, but allege that the circumstances under which said note was executed by them to W. E. Lemon were that J. E. Garnett, prior to the execution of the note, had been one of the stockholders and officers of the Citizens' Bank of Wakita, and that he had sold his stock or a great portion of the same to W. E. Lemon; that at the time of the sale there was held by the said bank a note executed by J. E. Koontz to it in the sum of $2,570; that said note was an excessive loan made by the bank under the laws of the territory of Oklahoma; that at the time defendants executed to Lemon the note sued upon Lemon agreed with them that the plaintiff would transfer to defendant Jones the said J. E. Koontz note, allowing him to collect the same and apply the proceeds of the collection of it to the payment of the note sued upon in this action; that the execution and delivery of the note in this action to Lemon was upon the condition that the Koontz note should be delivered to Jones; that the plaintiff knew of this agreement at and before the note sued upon was transferred by Lemon to it; that the Koontz note had never been delivered to the defendant Jones, or any one for him, and that Lemon had refused to deliver the same in accordance with the agreement without which the note sued upon was not to be binding upon the defendants. The case was tried before a jury and verdict returned and judgment rendered in favor of the defendants.

Plaintiff demurred to the defendants' evidence, which demurrer was overruled by the court, and this action of the court is the first alleged error discussed by plaintiff in its brief. It is admitted that the note sued upon is a nonnegotiable instrument. Plaintiff therefore took the note subject to whatever equities de-

fendants had against the same in the hands of Lemon. There was abundant testimony introduced by defendants to the effect that the note sued upon was executed by them to Lemon solely upon the condition that the Koontz note was to be delivered to them, and at the time of the execution of the note by them it was the understanding that it had been agreed by the officers of the plaintiff bank that the Koontz note should be delivered to Jones upon defendants executing a note to Lemon, and there is no controversy that the Koontz note has never been delivered to defendants. Plaintiff requested the court to instruct the jury as follows:

"If you find that the defendants recognized the right of the plaintiff bank to take the note sued on herein and hold the same as a part of the property and assets of the bank before or without the said Koontz note being delivered to the said Jones, then the defendants are estopped and precluded from denying the effectiveness of the note sued on."

Plaintiff attempted by this instruction to have the court submit to the jury the question of estoppel, but the court properly refused to give this instruction. No issue of estoppel is alleged in plaintiff's petition, nor is there any evidence in the record that presents such issue. It is true that two of the witnesses testified that, after the maturity of the note sued upon, defendants came to the bank and requested that the note be renewed. This evidence was competent for the purpose of contradicting the contention of defendants that there was never any delivery of the note sued upon except on condition that the Koontz note should be delivered to them by the plaintiff, but such evidence is not sufficient to support an instruction on estoppel, for the reason that, if a plea of estoppel had been pleaded by plaintiff in its petition, it would not have been sufficient for it to have shown only that defendants had requested it to renew the note, but it would have been necessary for it to prove that it was misled by such conduct and request of the defendants, to its injury, or that it was induced thereby to act and did act to its injury. 16 Cyc. 744; 1 Daniel on Negotiable Instruments, 859. The evidence does not disclose

that the act of the defendants in going to the bank and requesting a renewal of the note, which evidence was contradicted by the testimony of defendants, the plaintiff was induced to act or did in any way act upon same. On the contrary, the evidence discloses that it refused the request of defendants, and shortly thereafter instituted this suit. The issue of estoppel is not presented by the pleadings nor by the evidence in this case, and the court did not err in refusing to give the instruction thereon requested by plaintiff.

Plaintiff cites *National Bank v. Dosbaugh*, 11 Okla. 664, 69 Pac. 797, as supporting its right to this instruction. That was an action brought by Dosbaugh's Bank against the Guthrie National Bank for a balance on a draft drawn by H. H. Hagan in favor of Dosbaugh's Bank on the Guthrie National Bank. Before accepting the draft and advancing any money thereon, the Dosbaugh Bank sent a message to the Guthrie National Bank asking if Hagan's check for $10,500 was good. The Guthrie National Bank answered that Hagan's check for the balance due Wilson was good. On the same day the president of the Guthrie National Bank wrote a letter to Wilson, in which he said that Hagan had made arrangements with the Guthrie National Bank to pay his check for the balance due Wilson on a cattle deal, the amount of which was not known to the Guthrie National Bank, but was about $10,500. Then the draft drawn by Hagan on the Guthrie National Bank for the sum of $10,268.40 was presented to Dosbaugh's Bank, the letter from the president of the Guthrie National Bank was exhibited to the officers of Dosbaugh's Bank, and Wilson and Hagan made statements to the officers of the bank to the effect that the draft was the balance due Wilson by Hagan, and, upon such statements, letter, and message from the Guthrie National Bank, the Dosbaugh Bank paid the draft. The court held that the Guthrie National Bank was estopped by its message and the letter of credit to Hagan from denying the right of Hagan to check on it for the amount of said draft, and correctly so, for the reason that Dosbaugh's Bank by

such representations had been induced to act thereon and to part with its property. But the evidence in the case at bar does not prove or tend to prove that the plaintiff was induced to part with any of its property, or to change its position in any way to its injury by reason of defendants' requesting an extension of their note.

Plaintiff further requested the court to instruct the jury as follows:

"If you find that the consideration for the giving of the note sued on was the extinguishing of the liability of Garnett and Lemon on the Koontz note, and that such liabilty has been extinguished, then your verdict must be for the plaintiff."

The court refused to give this instruction as requested, but instructed the jury as follows:

"You are instructed that if you find that the note sued on herein was transferred to the said bank together with other money, or moneys and notes, by certain stockholders of the bank for the purpose of replacing and taking up said note given by the said J. A. Koontz to said bank, and not upon condition that the Koontz note was to be delivered to Jones, and that thereafter or thereupon a controversy or disagreement arose between the said stockholders who helped to replace and take up said note, as to which should hold and collect the said Koontz note, then, and in that event, the said disagreement or controversy between said stockholders can in no way affect the right of the plaintiff to recover on the note sued on herein."

The instruction given by the court fairly submitted to the jury the issue contended for both by plaintiff and defendants. Plaintiff contends that the consideration for which the note was given and transferred to the bank was a release of Lemon and Garnett from their liability as stockholders of the bank on the J. A. Koontz note on account of same having been an excessive loan, and that the disagreement relative to who should have possession of the Koontz note arose between the stockholders after the execution and delivery to the bank of the note sued upon, and after the Koontz note had been withdrawn from the papers

of the bank. The instruction given by the court presented the same proposition contended for in the instruction requested by plaintiff and refused by the court, and it is a well-settled rule of law that the refusal of the court to give an instruction which properly states the law is not reversible error, if the same proposition of law is presented by the court in other instructions, and the whole of the instructions of the court clearly states the law applicable to the issues in the case. *Atchison, Topeka & Santa Fe Ry. Co. v. Marks,* 11 Okla. 82, 65 Pac. 996.

The court further instructed the jury as follows:

"You are further instructed that the Citizens' Bank of Wakita is not an innocent purchaser of the note sued upon herein, and that any defense which the defendants herein may have against the payee, W. E. Lemon, is a good defense as against said bank."

Plaintiff excepted to this instruction, and assigns it as one of the errors for which a reversal is asked. There is no dispute that the note in controversy is a nonnegotiable instrument, nor is there any dispute in the evidence that the note was acquired by the bank from W. E. Lemon, who is the payee in the note, and who indorsed the same without recourse to the bank. It is an elementary proposition of law that the assignee of a nonnegotiable instrument acquires only the title that the assignor had. The plaintiff took the note in this action from Lemon subject to all the equities and defenses against it in favor of the defendants that the defendants would have had if the note had remained in the hands of Lemon, and the fact that the note is nonnegotiable was notice to plaintiff of such equities and defenses. The instruction of the court that the plaintiff was not an innocent purchaser was not error.

The case was submitted to the jury upon the evidence and the instructions of the court which fairly presented to the jury all the propositions of law raised by the pleadings and the evidence; and, since we find no error in the record, the judgment of the trial court is affirmed.

All the Justices concur.