## GROSSMAN CO. v. WHITE.

No. 5421.    Opinion Filed November 2, 1915.

(152 Pac. 816.)

1. **REPLEVIN—Redelivery Bond—Custody of Property—Nature.** Where property is held by a party under bond in a replevin action, conditioned on the redelivery of the specific property, in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession were with the officer.

2. **TRIAL—Demurrer to Evidence.** When the evidence, with all the inferences that can be properly drawn from it, is insufficient to support a verdict, it is error to overrule a demurrer thereto—following **Shawnee Fire Ins. Co. v. Thompson & Rowell,** 30 Okla. 466, 119 Pac. 985.

3. **BAILMENT—"Involuntary Bailment."** An involuntary bailment arises "by the accidental leaving of personal property in the possession of any person without negligence on the part of its owner."

4. **SAME—Right to Charge Storage.** An involuntary bailment is gratuitous, the bailee being entitled to no reward.

(Syllabus by Galbraith, C.)

*Error from County Court, McCurtain County;*
*E. E. Cochran, Judge.*

Action by J. R. White against the Grossman Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*G. Earl Shaffer* and *J. L. Barnes,* for plaintiff in error.

*N. W. Gore* and *Drake & Drake,* for defendant in error.

Opinion by GALBRAITH, C. This action was originally commenced in the justice of the peace court, and, on appeal to the county court, was tried to the court and a jury, and a verdict returned for the plaintiff. To review the judgment rendered upon the verdict, the cause has been regularly brought to this court. The action was based upon a contract for rent on a storeroom, the charging part of the bill of particulars being as follows:

"That defendant is indebted to the plaintiff in the sum of one hundred and thirty-two dollars and fifty cents ($132.50) for the rent on a certain business house, located on the main street of the town of Idabel, Okla., known as the J. R. White Building, for the months of June, July, August and September, 1912."

The answer was a general denial. An attachment order was issued at the commencement of the suit, and a soda fountain and appliances were seized thereunder. The facts, briefly stated, are as follows: White, the defendant in error, was the owner of a certain brick storeroom located in the city of Idabel. This storeroom, prior to June 1, 1912, had been under lease to a party who conducted a restaurant and soda fountain therein. The soda fountain and appliances had been purchased from the Grossman Company, and title to same was retained in the vendor under the contract of purchase, which was duly recorded in said county. The restaurant keeper abandoned the building about June 1, 1912, but before doing so crated the soda fountain and appliances

ready for shipment and left them in the storeroom. When the agent of the Grossman Company called upon the owner of the building about June 15, 1912, and demanded possession of its property, the owner refused to give up possession unless he was paid a month's rent in the sum of $40, which the restaurant keeper owed him on the building. Payment was refused, and the owner of the building retained possession of the soda fountain and appliances and permitted them to remain in the store-room for some 3 or 3½ months thereafter, when the owner obtained possession thereof by an action in replevin, commenced in the district court of McCurtain county. It was after the replevin suit had been instituted, and the possession of the property delivered to the Grossman Company under a bond executed in that proceeding, that the attachment order issued in this case, and the property was seized thereunder.

It is first complained that the trial court erred in denying the motion to dissolve the attachment, which was presented in the county court when the case was called for trial; the grounds of such motion being as follows:

"First, because at the time property in this action was seized it was in the custody of the law and not liable to attachment by the plaintiff. Second, because said property had been delivered to this defendant in an action in replevin pending in the district court of McCurtain county and at the time of its seizure was being held to wait the judgment of said court in said action."

The court was in error in denying this motion. This court has said, in *Farmers' State Bank of Arkansas City, Kan., v. Stephenson et al.*, 23 Okla. 695, at page

704, 102 Pac. 992, 995, in discussing the case of *Mc-Kinney v. Purcell*, 28 Kan. 446:

"The Supreme Court of Kansas held that where goods are replevied pending the action of replevin they are deemed to be *in custodia legis,* and not subject to seizure on any other process; that whilst the plaintiff by giving a replevin bond obtains possession of the goods this does not change the fact that they are still the subject-matter of litigation, and by legal fiction still to be deemed in the possession of the law."

In *Bohannan v. Jennings,* 31 Okla. 254, 121 Pac. 195, the syllabus reads:

"Where property is held by a party under a bond in a replevin action, conditioned on the redelivery of the specific property, in the event he should not prevail in the action, such property is to be considered *in custodia legis,* the same as if the actual possession were with the officer."

At the conclusion of the plaintiff's evidence the defendant demurred thereto. This demurrer was overruled. This is assigned as error. The action, it will be recalled, was based upon a contract for rent on a building. The plaintiff's evidence absolutely failed to show that a rental contract had been entered into between the parties to the action. In fact, it clearly showed that the relation of landlord and tenant never existed between these parties, that the Grossman Company never had possession of the storeroom, and that the owner of the building retained the possession and held the keys to the building during the entire period for which the rent is claimed. So there was an entire absence of evidence to support an action for rent on a contract, either express or implied. The evidence was not sufficient to support a verdict for the plaintiff, and

the defendant's demurrer to the evidence was well taken and should have been sustained. *Shawnee Fire Ins. Co. v. Thompson & Rowell,* 30 Okla. 466, 119 Pac. 985. The most that could be claimed for the relationship created between the parties to this suit, as shown by the testimony, was that of bailor and bailee, and the possession of the Grossman Company's property by White was an involuntary bailment, as defined in section 1086, Rev. Laws 1910, which relationship arises, "first, by the accidental leaving of personal property in the possesion of any person, without negligence on the part of its owner." Section 1105, Rev. Laws 1910, provides that "an involuntary bailment is gratuitous, the bailee being entitled to no reward."

When demand was made upon the owner of the building for possession of the property in dispute on June 15, 1912, and he refused to surrender possession, he thereafter was a wrongful holder thereof, and that is, perhaps, a sufficient reason why he would not be entitled to make claim for even a reasonable charge for storage on the property, while if he were an involuntary bailee he could not claim anything. In no event under the facts of this case can an action on a contract for rent be maintained.

Inasmuch as there does not seem to be any theory upon which the plaintiff below would be entitled to recover on a contract for rent, and for the reasons hereinabove set forth, we recommend that the judgment below be reversed, and the cause remanded, with directions to the county court to dismiss the same at the cost of the defendant in error.

By the Court: It is so ordered.