## CHICAGO, R. I. & P. RY. CO. v. MAILES.

No. 5118.    Opinion Filed November 9, 1915.

(152 Pac. 1131.)

1. **CARRIERS—Injury to Passenger—Evidence—Variance.** The conductor upon defendant's train took possession of plaintiff's suit case' and contents upon her refusal to pay the fare demanded for a child of plaintiff's sister, she being present also and a passenger in the same coach. The plaintiff, in her action for special damage, pleaded that the said conductor used insulting language to plaintiff, and accused her of trying to defraud the railway company at the time he took possession of the suit case and contents, which caused her shame and humiliation, and also caused her to suffer mental anguish, pain, and sickness. At the trial, she failed to prove that the conductor used any insulting language, but was permitted to testify that, on account of being deprived of some medicine in the suit case, which she was taking for her health, she became sick and was fined to her bed for four weeks. **Held,** error.

2. **CARRIERS—Issues—Variance.** The evidence must be confined to the issues raised in the pleadings.

3. **TRIAL—Instructions—Issues.** It is error ordinarily to instruct upon a material issue not raised by the pleadings.

(Syllabus by Mathews, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by Minnie Mailes against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and *Stevens & Myers,* for plaintiff in error.

*H. W. Hanna* and *J. A. Hughes,* for defendant in error.

Opinion by MATHEWS, C. The parties will be designated here as in the trial court. This action was in-

stituted in the district court of Comanche county, and plaintiff alleged in the petition there filed that she purchased a passenger ticket at Duncan, Okla., from defendant for transportation from there to Lawton, via Chickasha; that the conductor on defendant's train, after taking up said ticket, demanded of plaintiff fare for a minor child of another passenger; that on plaintiff's refusal to pay the same, said conductor took possession of plaintiff's suit case, containing her clothing, medicine, and other articles, of the total value of $26.50, for which she asked judgment in her first cause of action. In plaintiff's amended second and third causes of action she alleged:

"That the said conductor, as the agent, servant, and employee of the defendant, at the time of the seizure of said suit case, and in the presence and hearing of the other passengers on said train, did use vile, opprobrious, insulting, and disrespectful language of and concerning plaintiff, imputing and accusing plaintiff of trying to cheat, wrong, and defraud the said railway company out of passenger fare, to her shame, humiliation, and disgrace, causing plaintiff to suffer mental anguish, great bodily pain, sickness, impairing her health, endangering her life, and causing her to undergo medical treatment, to her damage in the sum of $1,850, no part of which has been paid. That plaintiff, for further cause of action, states that ever since the said taking mentioned in count 1 hereof she has been deprived of her clothing and the use thereof, together with the other articles contained in said suit case to her damage in the sum of $50, no part of which has been paid."

The defendant answered by general denial. The jury returned a verdict in favor of plaintiff in the sum of $250, and defendant appeals. Defendant's first assignment of error is as follows:

"The court erred in admitting evidence of the effect on plaintiff's health of being deprived of the medicine in the suit case."

During the trial, the court admitted in evidence, over the objection and exception of defendant, certain testimony offered by plaintiff relative to some medicine she had in her suit case, which she was deprived of on account of the conductor taking the suit case and its contents into his possession, and she further testified at length as to the effect upon her health on account of being deprived of the same, the defendant objecting thereto, this testimony being in part as follows:

"Q. What was the purpose of you carrying the medicine with you? A. My health was bad. Q. Now, what effect did being deprived of this medicine you had in the suit case have upon your health? A. My health was awful bad. Q. What was your condition when you arrived at Lawton? A. I was hardly able to sit up. Q. And how long did your health remain worse by being deprived of this medicine? A. My health was awful bad, bad before, and remained that way about two months. Q. Now, during this time you were sick and deprived of this medicine, has it affected your health seriously—were you virtually confined to your bed for four weeks? A. Yes, sir; I was very sick."

On the proposition raised by the foregoing testimony the court gave the following instruction, to which defendant excepted:

"You are further instructed that you will next consider and determine from the evidence before you by a preponderance thereof whether or not the defendant company is liable to the plaintiff upon her second cause of action, wherein she sues for physical and mental suffering, on account of being deprived, as she alleges, of her medicine by reason of the seizure of her suit case and

contents by the defendant, as she alleges, through the wrongful act of the conductor or auditor on defendant's train, and in this connection you are instructed that if you find from the evidence by a preponderance thereof that at the time and place charged in plaintiff's petition she was a passenger upon defendant company's train, having paid her fare from Duncan to Chickasha, or Lawton, Okla., the conductor or auditor upon said train seized the suit case of plaintiff and deprived her of the same, including the contents thereof, and including certain medicine of plaintiff, and you further find from the evidence that on account thereof and as a proximate result thereof she suffered any physical and mental pain, then you are instructed that she would be entitled to recover from the defendant company as damages such a sum as you may find by a preponderance of the evidence would fairly and reasonably compensate her for such physical and mental suffering, not to exceed the sum of $1,950, the amount sued for in her second cause of action, and return your verdict accordingly."

By an inspection of the pleadings in plaintiff's amended second cause of action, as above set out, it will be observed that plaintiff based her principal claim for damages upon her allegation that:

"The conductor, in the presence of other passengers, did use vile, opprobrious, insulting and disrespectful language of and concerning plaintiff, imputing and accusing plaintiff of trying to cheat, wrong, and defraud the said railway company out of passenger fare to her shame, humiliation, and disgrace, causing plaintiff to suffer mental anguish, great bodily pain, sickness, impairing her health, endangering her life, and causing her to undergo medical treatment"

—to her damage in the sum of $1,950. Plaintiff made no attempt to prove that the conductor used the language attributed to him in her pleadings, but based her chief

claim for damages upon the fact that she was deprived of some medicine which she was taking at intervals, and which she testified resulted in affecting her health seriously and causing her to be confined to her bed for four weeks, said evidence being set out above. In line with this testimony the court instructed the jury, as set out above, in substance, that if the jury found that the said conductor seized the said suit case and its contents, including certain medicine of plaintiff, and as a proximate result thereof she suffered physical and mental pain, then she would be entitled to recover such sum as would compensate her for such suffering, not to exceed $1,950. In plaintiff's petition she only claimed the sum of $2 for the medicine taken, which she alleged was the value of the same, and did not ask for special damages resulting from being deprived of the medicine, yet she was permitted to testify at length along that line, and the court submitted the same to the jury, which was error. There is no rule of procedure more firmly settled than that the evidence must be confined to the issues raised in the pleadings, and that it is error to instruct upon a material issue not raised by the pleadings. In the case of *Chambers v. Van Wagner,* 32 Okla. 774, 123 Pac. 1117, is the following:

"This instruction is erroneous, in that it charges the jury upon an issue not raised by the pleadings. The plaintiff sought to recover upon a contract entered into with John B. Linden as agent of defendant. This agency was denied by defendant. This was the only issue raised by the pleadings, and the foregoing instruction was a material variance from the issues raised in the pleadings. 'It is a general rule in actions at law that, in order to enable the plaintiff to recover, or a defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the *onus probandi*

must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense as well as good law.' 22 Pl. & Pr. 527. See, also, *Graham v. Trimmer*, 6 Kan. 230; *S. K. Ry. Co. v. Griffith*, 54 Kan. 429, 38 Pac. 478; *A., T. & S. F. Ry. Co. v. Irwin*, 35 Kan. 287, 10 Pac. 820; *Brook-over v. Esterly*, 12 Kan. 149, 151; *Newby v. Myers*, 44 Kan. 477, 24 Pac. 971; *K., P. & W. Ry. Co. v. Quinn*, 45 Kan. 477, 25 Pac. 1068. It being error for the court to instruct the jury upon an issue not raised by the pleadings, it logically follows that it is error to admit testimony in support of facts not put in issue by the pleadings. This was done in the case at bar. In *Chicago, R. I. & P. Ry. Co. v. Spears* [31 Okla. 469], 122 Pac. 228, this court held: 'An instruction upon a material issue, not raised by the pleadings, when excepted to, is reversible error. (a) Evidence predicated upon such issue, not raised, introduced over objection, on the ground that the same was incompetent, because no such issue had been joined, and the pleadings not having been amended to raise such issue, is improperly admitted' (citing *Am. Jobbing Ass'n v. James*, 24 Okla. 460, 103 Pac. 670)." *Citizens' Bank of Waketa v. Barnett et al.*, 21 Okla. 200, 95 Pac. 755; *Kingfisher Nat'l Bank v. Johnson et al.*, 22 Okla. 228, 98 Pac. 343; *Frick-Reid Sup. Co. v. Aggers*, 28 Okla. 425, 114 Pac. 622; *Obenchain & Boyer v. Town of Roff*, 29 Okla. 211, 116 Pac. 782.

We find no other error in the record, except plaintiff's evidence as to the value of the suit case, and as to the contents thereof and value, was too indefinite for the jury to base a verdict thereon.

For the reason given the judgment should be reversed and remanded.

By the Court: It is so ordered.