## COMANCHE MERCANTILE CO. *et al.* v. WHEELER & MOTTER MERCANTILE CO.

No. 6156.    Opinion Filed February 8, 1916.

(155 Pac. 583.)

1. **TRIAL—Issues—Conformity to Pleadings.** The issues are made up, by the pleadings, and ordinarily it is error for the court to submit issues to the jury not raised by the pleadings.

2. **PLEADING—Issues and Proof.** Ordinarily the evidence must be confined to the issues raised by the pleadings.

3. **CONTRACTS—Construction—Question for Court or Jury.** When a letter is introduced in evidence as constituting a promise or agreement, generally it is the duty of the court to construe the terms of the letter, and not to submit the same to the jury for their construction.

(Syllabus by Mathews, C.)

*Error from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Action by the Wheeler & Motter Mercantile Company against the Comanche Mercantile Company and another. Judgment for plaintiff, and defendants bring error. Reversed as to defendant H. B. Lockett, and affirmed as to defendant Comanche Mercantile Company.

*H. B. Lockett,* for plaintiffs in error.

*Robert Burns* and *J. M. Sandlin,* for defendant in error.

Opinion by MATHEWS, C. The parties will be referred to as in the trial court. This was an action upon a stated account. Plaintiff, for cause of action against defendants, in substance, alleged that at the special instance and request of defendant H. B. Lockett it sold and delivered to the said H. B. Lockett and the Comanche Mer-

cantile Company certain merchandise, and that there was
due therefor and unpaid the sum of $437.65. To this peti-
tion, which was verified, the defendants filed a joint gen-
eral denial, which was sworn to by the said H. B. Lockett.
The case was tried to a jury, which returned a verdict in
favor of plaintiff for the amount sued for, and defendants
prosecute this appeal.

In instruction No. 5 the court instructed the jury that
the plaintiff claimed that defendant Lockett was liable by
reason of the fact that he had guaranteed the payment of
the debt in event of the default of the Comanche Mercantile
Company. Neither the pleadings nor the evidence justified
this instruction, or rather statement, to the jury of the
issues. The declaration against the defendants was for
goods sold and delivered, and there were no pleadings which
declared against defendant Lockett as a surety, but he
was charged as a principal. Neither was any evidence
introduced which tended to prove that Lockett had agreed
to stand as surety for the mercantile company.

In reply to a letter written by plaintiff to Lockett re-
questing a statement from him as to the financial status
of the Comanche Mercantile Company, the plaintiff having
just received an order from the mercantile company for
merchandise in the sum of $———, Lockett wrote, as far
as is necessary here to set out, as follows:

"I will personally guarantee the payment of this bill,
and you can investigate more fully to satisfy yourself in
the future."

This was the only evidence introduced as to his stand-
ing as surety for the Comanche Mercantile Company, and
the statement in this letter was to the effect that he guar-
anteed the bill for the merchandise then ordered, and im-

330    SUPREME COURT OF OKLAHOMA.

Comanche Mercantile Co. et al. v. Wheeler & Motter Mercantile Co.

pliedly intended to stand as surety no further than that, as he therein told plaintiff that it could investigate more fully to satisfy itself in the future. The merchandise obtained by virtue of this letter was paid for, and was not included in the account sued on.

Instruction No. 6 was as follows:

"Gentlemen of the jury, I charge you that, if you find the facts in favor of the plaintiff and that they were induced to give credit to the Comanche Mercantile Company for the bill of goods sued on by reason of the promise of said H. B. Lockett to see that the same were paid for or by reason of any false representations of the defendant H. B. Lockett as to financial conditions of said mercantile company, knowingly made, I charge you that the defendant Lockett would be liable for the debt sued upon. * * *"

This instruction was erroneous for two reasons: (1) The only evidence as to defendant Lockett promising plaintiff that he would guarantee the payment of the account of the Comanche Mercantile Company with plaintiff is contained in the terms of the letter mentioned above. It became the duty of the court to construe this letter himself, and not to submit it to the jury for their interpretation. The only construction the court could rightfully place upon this letter was that it was intended to guarantee the payment of the bill then under consideration only, and could not be construed as a general guaranty of future accounts. (2) In the petition filed by the plaintiff it does not seek to hold defendant Lockett liable by virtue of any suretyship. Neither are there any allegations that defendant Lockett became liable to them to pay the debt by reason of any false representations as to the financial condition of the said Comanche Mercantile Company. This was a suit upon a stated account for merchandise sold and delivered jointly to the defendants.

It is elementary that the proof must be confined to the issues raised by the pleadings, and it follows, as. a legal corollary, that it is generally error to instruct the jury upon issues not raised by the pleadings. *Chicago, R. I. & P. Ry. Co. et al. v. Spears,* 31 Okla. 469, 122 Pac. 228; *Chalmers v. Van Wagner,* 32 Okla. 774, 123 Pac. 1117; *Chicago, R. I. & P. Ry. Co. v. Mailes,* 52 Okla. 278, 152 Pac. 1131.

The giving of each of the above instructions and the reception of testimony along that line prejudiced the rights of the defendant Lockett only, as the same had no reference to the Comanche Mercantile Company. We find no error as to said mercantile company. In fact, no defense of any kind was submitted in its behalf.

We recommend that the judgment be reversed as to defendant H. B. Lockett, and affirmed as to defendant Comanche Mercantile Company.

By the Court: It is so ordered.