### DILL et al. v. JOHNSTON et al.

No. 16041—Opinion Filed May 25, 1926.

Rehearing Denied June 22, 1926.

(Syllabus.)

1. **Trial—Demurrer to Evidence of Plaintiff —When Proper.**

Where the evidence introduced is insufficient from any angle to establish a right of recovery or to a verdict or judgment in favor of the plaintiff, a demurrer thereto should be sustained.

2. **Trial—Erroneous Instruction Outside Issues.**

It is error ordinarily to instruct upon a material issue not raised by the pleadings.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Wm. G. Johnston and W. Frank Davis against W. H. Dill and Andy Higgins to recover real estate brokers' commission on sale of land. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

J. Hugh Nolen, Guy L. Trimble, and James C. Davis, for plaintiffs in error.

White, Nichols & Woods, for defendants in error.

MASON, J. This action was commenced by Wm. G. Johnston and W. Frank Davis, as plaintiffs, against W. H. Dill, as defendant, to recover a real estate brokers' commission for the sale of land.

Thereafter the court sustained the motion of Andy Higgins to be made a party defendant, on the grounds that he was a joint owner of said lands with W. H. Dill, and that the listing and offering of the same for sale and the sale and conveyance thereof was the joint and partnership action of the said W. H. Dill and Andy Higgins.

The case was tried to a jury, and resulted in a verdict and judgment for the plaintiffs in the sum of $2,700, from which the defendants have duly perfected their appeal to this court. For reversal, it is first urged that the trial court erred in overruling defendants' demurrer to the evidence of the plaintiffs.

The evidence of the plaintiffs was to the effect that the defendants, who owned approximately 720 acres of farm land which they wished to sell, had listed it for sale with the plaintiff Johnston, a broker, and agreed to pay Johnston a commission if he effected a sale at such a figure as to net the defendants $54,000; that Johnston associated himself with or employed the plaintiff Davis to assist in the sale, agreeing to pay him one-half of the commission; that said land was sold to one J. J. Stocklossa for a consideration of $54,000; that said sale was made as a result of the efforts of the plaintiffs.

At the conclusion of the plaintiffs' evidence, the defendants demurred thereto, which demurrer was overruled by the trial court. In this we think the trial court erred.

The plaintiffs alleged that they were to receive a commission of five per cent. of the proceeds of the sale of said lands, but we have searched the record in vain for any evidence to support such allegation.

In Ludeman v. English, 78 Okla. 177. 189 Pac. 531, this court, speaking through Owen, Chief Justice, said:

"Where there is no evidence of a contract, either express or implied, there can be no recovery."

In the instant case, the only evidence of an express contract on the part of the plaintiffs was for a commission in case the sale was made for a sufficient amount to pay said commission and pay the defendants $54,000 net. Plaintiffs' evidence is that said lands were sold for a total consideration of $54,000. This is an admission that the evidence was insufficient to show a compliance with the alleged terms of the contract.

The plaintiffs, by their petition, did not seek recovery on quantum meruit, yet the plaintiff Johnston was permitted to testify that the plaintiffs were to receive the customary commission in case the consideration for said sale was not in excess of $54,000.

We might be justified in considering the petition as amended so as to seek a recovery on quantum meruit, but the record discloses that there is no competent evidence whatever as to what was the customary commission in such transactions. Therefore, we must conclude that the plaintiffs failed, in their evidence, to show any right of recovery against the defendants.

It has been consistently held by this court that, where the evidence introduced is insufficient from any angle to establish a right of recovery or to sustain a verdict or judgment in favor of the plaintiff, it is error for the trial court to overrule a demurrer to the evidence. Shawnee Fire Insurance Company v. Thompson & Rowell, 30 Okla. 466, 119 Pac. 985; Remarkis v. Reid. 64 Okla. 104, 166 Pac. 728; Grossman & Co. v. White, 52 Okla. 117, 152 Pac. 816.

We are therefore of the opinion that the trial court committed reversible error in overruling the defendants' demurrer to the evidence of the plaintiffs.

It is next urged that the trial court erred in injecting into the case the theory of an exclusive broker's contract.

In presenting the issues to the jury, the court stated that the plaintiffs alleged that they were to have an exclusive right of sale to said lands. The court, over the objection of the defendants, also gave the following instruction:

"The jury are instructed that if you find from a fair preponderance of the evidence that the defendant W. H. Dill contracted with the plaintiff William G. Johnston and

that by the terms of said contract the said William G. Johnston was to have the exclusive right to sell the lands mentioned in plaintiffs' petition and in the event of a sale thereof a commission of five per cent. of the purchase price of said lands, then and in that event your verdict must be for the plaintiffs, provided you also find from a fair preponderance of the evidence that the plaintiffs were with reasonable diligence making an honest effort to effect such sale under the terms of said contract."

This theory was, no doubt, advanced by the court under a misapprehension as to the issues joined by the pleadings and the evidence. The petition of the plaintiffs contains no such allegation, and we have failed to find any evidence in the record which would even tend to support any such allegation.

There is no rule of procedure more firmly settled than that it is error to instruct the jury upon a material issue not raised by the pleadings. C., R. I. & P. Co. v. Mailes, 52 Okla. 278, 152 Pac. 1131; Chambers v. Van Wagoner, 32 Okla. 774, 123 Pac. 1117.

It is insisted by the plaintiffs that, although the giving of said instruction may have been error, yet it was more prejudicial to the plaintiffs than the defendants and, therefore, the error was harmless.

It is always difficult to say when a jury has been confused or misled by the giving of an erroneous instruction, and inasmuch as we have concluded that this case must be reversed on other grounds and a retrial had, we deem it unnecessary to decide this question, as it can be avoided in the next trial.

The other assignments of error are such as can also be avoided in a retrial of the case, and therefore we deem it unnecessary to consider them herein.

The judgment of the trial court is reversed, with directions to grant a new trial.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, and CLARK, JJ., concur.