THE ESTATE OF MOSES SAVILLE, ETC., v. SARAH
P. SCHROYER.

No. 12,585.   ( 68 Pac. 1130.)

1. JUDGMENTS—*Dormancy.* It is the issuance, and not the return,
of an execution that tolls the statute. The judgment creditor
has done all he can when he has sued out the writ, and it is this
that keeps the judgment alive.

2. ————— *Payment as a Defense.* If payment of a judgment sued
on has been made, either voluntarily or by means of an execution,
the fact should be pleaded and proved. Payment is always a
matter of defense.

3. PRACTICE, DISTRICT COURT—*Reopening of Case.* It is not an
abuse of discretion by a trial court to permit the introduction of
formal proof of the written assignment of a judgment sued on
after the evidence has been closed and argument begun, the fail-
ure to do so before being a mere oversight, and the fact of the ex-
istence of the instrument being well known and it having been
spoken of during the progress of the trial.

Error from Marshall district court; W. S. GLASS,
judge.   Opinion filed May 10, 1902.   Affirmed.

*E. A. Berry,* and *Gregg & Gregg,* for plaintiff in
error.

*Cal. T. Mann,* for defendant in error.

*Per Curiam:* The defendant in error held a judg-
ment rendered against Moses Saville and another, as
sureties for one John Taylor.   Within a year after
the death of Saville, she sought to obtain an allowance
of her claim against his estate, and for that purpose
commenced her proceeding in the probate court,
where it was disallowed.   Appeal was taken from the
order of disallowance to the district court, where it
was allowed and judgment rendered against the estate.
By proceedings in error the matter is now before this
court.

It seems that two journal entries of the original judgment are found in the records of the district court, where the same was rendered, one bearing date October 8 and another October 11, 1889, and there was a contention whether the judgment was actually rendered October 8 or October 11. This was important because the executions which had been issued, and which were relied on to keep the judgment alive, were based upon a judgment rendered October 8, and this was the judgment on which this proceeding is based. The court must have found that the judgment was actually rendered on October 8. In this we think the court was right. In all probability the journal entry of October 11 was furnished and placed of record through some error.

There were three executions issued—one March 29, 1890, one July 2, 1891, and one January 27, 1896. The one issued July 2 was never returned by the sheriff, and it is claimed that, inasmuch as this was so, and that more than five years elapsed between the issuance of the first and third executions, the judgment was dormant and could not be enforced. The statute (Gen. Stat. 1901, § 4895) provides that it is the issuance, and not the return, of an execution that tolls the statute. The judgment creditor has done all he can when he has sued out the execution, and it is this that keeps the judgment alive.

It is further claimed that, inasmuch as the execution was not returned, the presumption was that the sheriff succeeded in making the money thereon. Freeman on Executions, second edition, section 49, is cited as supporting this contention. It is there said that, at common law, a former writ should be returned before an *alias* or *pluries* could issue, and that, in order to support the rule, a presumption would arise, and continue until rebutted by the officer's return, that the

judgment had been satisfied by levy on sufficient goods under such execution.   This rule, however, does not require us to apply the presumption to the case at bar.   If payment of the judgment sued on had been made, either voluntarily or by means of an execution, the defendant should have pleaded and proved it. Payment is always a matter of defense.

It is further contended that, inasmuch as Moses Saville was a surety, this action could not be maintained without first showing that the property of the principal debtor had been exhausted, or that he had no property subject to execution.   It is true, section 470 of the civil code requires that the property of the principal debtor shall be exhausted before any property of the surety shall be taken, but there are no presumptions that the principal debtor has property that might be levied on.   No effort whatever was made in this case to show that he had, or to show that the judgment creditor had failed to use all diligence to find the property.

It is further contended that the court abused its discretion in opening the case after the evidence had been closed and argument begun, to permit the introduction of formal proof of the written assignment of the judgment sued on by the original judgment creditor to the claimant.   The failure to introduce the writing before was a mere oversight.   The fact of its existence was well known and had been spoken of during the progress of the trial.   The plaintiff in error could not have been prejudiced in any manner by the action of the trial court.   We think it would have been an abuse of discretion on the part of the court to refuse the request of the claimant.

We find no error in the case and affirm the judgment of the court below.

SMITH, CUNNINGHAM, GREENE, POLLOCK, JJ.