No. 19,651.

O. W. SPARKS, *Appellant,* v. RALPH E. MARTIN, as Sheriff, etc., and THE J. M. COOPER MERCANTILE & MINING COMPANY, *Appellees.*

SYLLABUS BY THE COURT.

1. INJUNCTION—*Execution—Judgment Not Dormant—Evidence.* In a suit to enjoin an execution the validity of the judgment turned upon the question of fact whether some five years before a previous execution was issued on the 5th day of March, 1908, prior to the time the judgment would have become dormant. The execution was dated in the following manner: "This ⚡/ 5 day of 𝖬𝖺𝗒 Mch 1908." The appearance docket, the execution docket and the indorsement on the back of the execution showed that it was issued March 5, 1908. The body of the execution recited that it was returnable May 4, 1908, and the sheriff's return stated that he received it March 5, 1908. *Held,* that the evidence sustained the finding that the execution issued March 5, 1908.

2. SAME—*Court Records—Impeachment—Oral Testimony.* In such an action the records in the office of the clerk of the district court showing the issuance of an execution can not be impeached by testimony of a witness that in a conversation with the deputy clerk of the district court subsequent to the date when the judgment would have become dormant the clerk stated to him that no execution on the judgment had issued.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge *pro tem.* Opinion filed July 10, 1915. Affirmed.

*C. B. Skidmore, Al. F. Williams,* both of Columbus, and *S. C. Westcott,* of Galena, for the appellant.

Sparks v. Martin.

*E. B. Morgan,* and *Truman T. Burr,* both of Galena, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was brought on the 26th day of March, 1913, to enjoin the sale of property taken under an execution. The court denied the injunction and gave defendants judgment for costs. The plaintiff appeals.

The judgment was rendered on the 20th day of March, 1903, and the validity of the execution sought to be enjoined depends solely upon a question of fact which the court decided adversely to the plaintiff, and it requires a liberal construction to say that there was any conflict in the evidence.

The question of fact was whether or not a previous execution on the judgment issued prior to the date when the judgment would have become dormant. The court found that an execution was duly issued on the 5th day of March, 1908, fifteen days before the five years expired. The execution was dated on its face the 5th day of March, 1908, and was endorsed as having been issued on that date. The only room for possible contention that it was not issued then is that the date was written: "this 4 / 5 day of May Mch 1908." It is quite obvious that the figure "4" and the month "May" were written in by mistake, probably because in the body of the execution and four lines directly above these words the clerk had made the execution returnable on the 4th day of May, which was sixty days after the 5th day of March; and it is equally clear that having discovered the mistake he corrected it by writing in the "5" in place of "4" and "Mch" in place of "May." If it were true that the execution issued on the 4th day of May it would not have been made returnable on the same date. While it is " the issuance, and not the return, of an execution that tolls the statute" (*Saville v. Shcroyer,* 65 Kan. 303, 304, 68 Pac. 1130), the return and all indorsements thereon were properly considered for the purpose of determining when the execution issued. The return shows that the sheriff received it on the 5th day of March, 1909. Besides, the appearance and execution dockets and the indorsement on the execution all show that it "issued Mch 5, 1908."

The claim of error relied upon is that the court refused to permit a witness to testify that in March, 1908, after the exe-

cution would have become dormant, the deputy clerk of the district court in a conversation held in the hallway outside the clerk's office stated to the witness that no execution on the judgment had issued. The official records required to be kept by an officer can not be impeached in that way. We suppose it would not be contended that the integrity of a record showing the filing and recording of a deed could be impeached by evidence that subsequent to the date it purports to have been recorded the register of deeds told some one in or out of his office that no such deed had been recorded.

We find no merit in the contentions raised by the plaintiff, and the judgment is affirmed.