## PIERCE et al. v. BARKS.

No. 7227—Opinion Filed July 25, 1916.

(159 Pac. 323.)

1. **Conversion—Issues and Proof—Evidence Admissible Under Pleading.**

It is material error to admit, over objection, testimony in support of facts not put in issue by the pleadings.

2. **Trial—Instructions—Application to Case.**

An instruction upon a material issue, not raised by the pleadings, when excepted to is prejudicial error.

3. **Judgment—Pleading as Defense—Admissibility of Evidence.**

The rejection of material testimony offered in support of a material issue raised by the pleadings when excepted to is prejudicial error.

(Syllabus by Day, C.)

Error from County Court, Craig County; Edw. H. Brady, Judge.

Action by J. E. Barks against M. L. Pierce and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

A. C. Wallace, for plaintiffs in error.

F. M. Smith, for defendant in error.

Opinion by DAY, C. This was an action tried in the county court, wherein J. E. Barks was plaintiff and M. L. Pierce and C. M. Harvey were defendants, having come to the county court on appeal from a justice of the peace court. The parties shall hereinafter be referred to as they appeared in the trial court. Plaintiff's bill of particulars charged defendants with the conversion of a buggy and set of harness of the value of $110; that defendants got possession of the buggy under a promise to him to repair said buggy and make good their warranty made by them when he had purchased said buggy from them, and that defendants had wrongfully taken possession of the harness, and that they had wrongfully and unlawfully converted said buggy and harness to their own use. Defendants answered by way of general denial, and, further, that all the matters complained of in plaintiff's bill of particulars had been formally adjudicated and settled in the case of Pierce and Harvey against J. E. Barks in the county court of Craig county, and further answered that defendants sold said buggy and harness under and by virtue of a chattel mortgage executed by plaintiff to defendants, and that defendants duly credited plaintiff's note with the proceeds of such sale. The cause proceeded to trial, and resulted in judgment against defendants, from which this appeal is prosecuted.

It will be observed that plaintiff in his bill of particulars charges a conversion and no other ground of recovery against defendants. The court admitted, over objection of the defendants, evidence tending to establish against defendants a breach of warranty of the buggy. This evidence was wholly without the issues, and should have been rejected. C., R. I. & P. R. Co. v. Spears, 31 Okla. 469, 122 Pac. 228.

The court gave the following instruction:

"If the jury find that the defendants warranted the buggy to plaintiff and that said warranty was broken, then plaintiff should recover the amount of damages which he sustained by such breach, not exceeding the amount claimed by plaintiff's petition, excluding costs and attorney's fees"

—to which the defendants duly excepted. This instruction was erroneous for the reason that under the pleadings there was no issue

of a breach of warranty. Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117; American Jobbing Ass'n v. James, 24 Okla. 460, 103 Pac. 670.

Defendants called as a witness the clerk of the county court of Craig county, who identified the records and files in cause 296, the same being the case of Pierce and Harvey against J. E. Barks, referred to and pleaded in defendants' answer, and after a proper identification, offered in evidence the final judgment in said cause, which was by the court rejected, to which action of the court defendants duly excepted. This evidence was clearly competent upon defendants' plea of former adjudication, and should have been admitted.

We therefore conclude that these errors are material and prejudicial, and this cause should be reversed and remanded.

By the Court: It is so ordered.