## KERR et al. v. GARRISON.

No. 12759—Opinion Filed Feb. 19, 1924.

(Syllabus.)

1. Homestead—Conveyance—Constitutional Provision—Change by Legislature.

Section 2 of article 12 of the Constitution provides: "Nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law." The last sentence of said article 12 is: "The Legislature may change or amend the terms of this article." This provision places the power in the Legislature to alter the homestead provisions of the Constitution and the method of conveyance of the same.

2. Same—Conveyance by Abandoned Spouse Alone—Validity of Statute.

Section 5242, Comp. Stat. 1921, which provides: "Where the title to the homestead is in the husband, and the wife voluntarily abandons him for a period of one year, or for any cause takes up her residence out of the state, he may convey, mortgage or make any contract relating thereto without being joined therein by her, and where the title to the homestead is in the wife, and the husband voluntarily abandons her, for a period of one year, she may convey, mortgage or make any contract relating thereto without being joined therein by him," is not unconstitutional, as the same was adopted by the Legislature under authority of the provisions in the Constitution which authorizes the Legislature to change or amend the provisions of the homestead law.

3. Same—Mortgage by Abandoned Wife—Validity.

A mortgage executed by a wife on property, the title to which is in her name, and which is occupied as a homestead for her and her minor children, is not invalid because the husband did not join in the execution thereof where the husband had voluntarily abandoned the wife for a period of more than a year prior to the date of the execution of the mortgage.

Error from District Court, Oklahoma County; Frank Mathews, Assigned Judge.

Action by Nettie E. Garrison against Irene Waite Kerr and others. Judgment for plaintiff, and defendants bring error. Affirmed.

J. B. Dudley, for plaintiffs in error.

Hayson & Lukenbill, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error to foreclose a real estate mortgage executed by Irene Waite Kerr on May 29, 1920. Judgment was rendered foreclosing the mortgage, from which an appeal has been taken. Mrs. Kerr was a married woman at the time of the execution of the mortgage, but, according to the finding of the trial court, her husband had abandoned her for more than one year prior to the time of the execution of the mortgage. Mrs. Kerr and her minor children were occupying the property in controversy as their home at the time of the execution of the mortgage. The plaintiffs in error contend that the mortgage was void because the same was not jointly executed by the husband and wife. Section 5242, Comp. Stat. 1921, provides:

"When the title to the homestead is in the husband, and the wife voluntarily abandons

him for a period of one year, or from any cause takes up her residence out of the state, he may convey mortgage or make any contract relating thereto without being joined therein by her; and where the title to the homestead is in the wife, and the husband voluntarily abandons her, or from any cause takes up his residence out of the state for a period of one year, she may convey, mortgage or make any contract relating thereto without being joined therein by him."

In Armstrong v. Independent Oil & Gas Company, 95 Okla. 231, 219 Pac. 353, this provision of the statute was held to be constitutional. We adhere to the view taken in that case, and are of the opinion that the mortgage in the instant case was valid, as Mrs. Kerr had been abandoned by her husband for more than a year prior to the execution of the mortgage.

The plaintiffs in error contend that the record does not show an abandonment of Mrs. Kerr by her husband. This was a question of fact which was determined by the trial court, and the finding of the court is not clearly against the weight of the evidence, and will not be disturbed on appeal. The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.