## WARDEN et al. v. KERNS et al.

No. 15603—Opinion Filed Feb. 17, 1925.

(Syllabus.)

**1. Affidavits—Inadmissibility.**

Affidavit by the wife which, in substance, states that a particular tract of land is not and has never been a homestead, is incompetent, where the wife is not a witness in a suit brought by the husband and wife to cancel conveyances given to a tract of land where it is alleged that it was their homestead.

**2. Appeal and Error—Erroneous Instruction Outside of Issues.**

Where an instruction is given a jury by the trial court on a matter that is prejudicial and not included within the pleadings or supported by the evidence, such instruction is misleading and erroneous.

**3. Same—Instruction on Abandonment by Husband as Justifying Wife in Conveying Homestead.**

Where the trial court gives an instruction upon abandonment by the husband without qualifying the same as to the duration of abandonment, such an instruction is prejudicial error.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by L. M. Warden et al. against L. H. Kerns et al. Judgment for defendants, and plaintiffs bring error. Reversed.

J. W. Marshall, for plaintiffs in error.

P. D. Sullivan and Wilkinson & Saye, for defendants in error.

LESTER, J. The plaintiffs in error filed this action for the recovery of 30 acres of land in Stephens county, and to cancel a deed executed by Beulah Warden to W. B. Green, and conveyance of the mineral rights executed by Beulah Warden to L. H. Kerns. The parties will be referred to here as plaintiffs and defendants, as they appeared in the trial court.

The tract in controversy was located in section 27, and it, together with a tract of 100 acres in section 34, was a portion of the allotment of Beulah Warden, nee Landrum. The tract in section 27 cornered with the tract in section 34, and the two tracts were separated with a section line. Beulah Warden was married to L. M. Warden in 1915. In 1918, Beulah Warden executed a conveyance of the land in controversy which is sought to be recovered by this action, and the husband, L. M. Warden, refused to join in such conveyance. Plaintiffs claim that the 30 acres in controversy was a part of their homestead, and that the conveyances executed by Beulah Warden, in which the husband did not join, were void.

It appears that in February, 1918, L. M. Warden volunteered his services in the United States Army, and while stationed in Florida his wife visited him there, and upon his discharge from the army in 1919, he returned to his residence located upon the 100-acre tract, hereinbefore referred to, and that during his absence from home the household goods remained at his residence upon the said 100-acre tract of land.

The defendants filed answer, issues were joined, and a trial had to a jury, resulting in a verdict in favor of the defendants. Motion for new trial was filed, overruled, and duly excepted to by the plaintiffs in error. The plaintiffs assign numerous errors of law occurring at the trial of said cause. We will not discuss all the assignments of error, for the reason that we do not deem it necessary.

Upon the trial of the cause, Beulah Warden, one of the plaintiffs, did not testify. The defendants over the objection of plaintiffs, introduced a certain affidavit made and executed by Beulah Warden on the date she executed one of the instruments in question. The material part of the affidavit is as follows:

"* * * That the hereinbefore described lands are not now and never have been claimed or used by this affiant or her husband, Luther M. Warden, as a home. tead. Affiant further states that she is now past the age of eighteen years, having attained the age of eighteen years on the 1st day of April, 1918."

Section 610, Comp. Stats. 1921, provides for the use of an affidavit in the following language:

"An affidavit may be used to verify a pleading to prove the service of a summons, notice or other process in an action to obtain a provisional remedy. an examination of a witness, a stay of proceedings. or upon a motion, or in any other case permitted by law."

"[Annotation] Affidavit is an ex parte declaration, sworn to before some officer, and can only be used in cases herein enumerated and in chancery proceedings, unless specifically authorized by law.

"Same as evidence; not competent in cases where an issue is made and triable. Watkins v. Grieser, 11 Okla. 302, 66 Pac. 332."

It was error for the trial court to permit the affidavit to be introduced. The affiant, Beulah Warden, who was one of the plaintiffs, as stated, did not testify, and it appears that at the time her affidavit was made it was had upon the requirement of the purchaser of the land in question, and it was prejudicial error to permit the use of the same as against the plaintiff L. M. Warden.

Plaintiffs further complain of the instructions given by the court to the jury. Instruction No. 7 charged the jury as follows:

"Gentlemen of the jury, you are further charged that if you find by a preponderance of the evidence that the thirty acres of land involved was a part of the homestead of the plaintiffs, yet if you further find that before the execution of the instruments introduced in evidence the plaintiff L. M. Warden had abandoned the plaintiff Beulah Warden, and at the time of the execution of the instruments was living separate and apart from her, then the said plaintiff, Beulah Addison Warden. could sell said land and convey good title thereto without being joined in such conveyance by the plaintiff L. M. Warden."

Plaintiffs insist that the pleadings were not sufficient to justify this instruction; that it was not charged in the answer of either of the defendants that the plaintiff L. M. Warden had abandoned Beulah Warden, and from a careful examination of the answer filed by each of the defendants, it appears that they did not raise this issue by their answer, and from a careful investigation of the record it nowhere appears that there was sufficient evidence to justify the pleadings to be amended to conform to the proof, nor was this done.

"An instruction upon a material issue not raised by the pleadings, when excepted to, is reversible error." Chicago, R. I. & P. Ry. Co. v. Spears, 31 Okla. 469, 122 Pac. 228.

"An instruction upon a material issue, not raised by the pleadings. when excepted to, is prejudicial error." Pierce et al. v. Barks, 60 Okla. 97, 159 Pac. 323.

We think that the giving of this instruction was prejudicial error.

Plaintiffs complain that the giving of instruction No. 12 and instruction No. 13 was erroneous and prejudicial. Instruction No. 12, given by the court, is as follows:

"Bearing in mind the foregoing instructions, gentlemen, if you should find and believe from all the facts and circumstances in this case, by a preponderance of the evidence, that at the time said deed and mineral deed were given by Beulah Warden, nee Landrum to the defendants herein, that said land described in plaintiff's petition as being 30 acres in section 27, twp. 1, south, range 5 west, was a part of the homestead of said plaintiffs, and that the husband, L. M. Warden, did not join with his wife in the execution of said deed, or that the said L. M. Warden had not abandoned his wife, then and in that event the plaintiffs would be entitled to recover and you should so find."

'No. 13. On the other hand, gentlemen. should you find that at the time said deeds were executed said 30 acres of land above described was not a part of the homestead of said plaintiffs or that L. M. Warden had abandoned his wife, then and in that event it should not be necessary for the plaintiff L. M. Warden to join with his wife in the execution of said deeds, then and in that event your verdict should be for the defendants, and you should so find."

Section 5242, Comp. Stat. 1921, is as follows:

"Where the title to the homestead is in the husband, and the wife voluntarily abandons him for a period of one year, or from any cause takes up her residence out of the state, he may convey, mortgage, or make any contract relating thereto without being joined therein by her; and where the title to the homestead is in the wife and the husband voluntarily abandons her, or for any cause takes up his residence out of the state for a period of one year, she may convey, mortgage, or make any contract relating thereto without being joined by him."

In Kerr v. Garrison, 101 Okla. 101. 223 Pac. 609, the third paragraph of the syllabus is as follows:

"A mortgage executed by a wife on property, the title to which is in her name, and which is occupied as a homestead for her and her minor children, is not invalid because the husband did not join in the execution thereof, where the husband had voluntarily abandoned the wife for a period of more than a year prior to the date of the execution of the mortgage."

It will be observed that the trial court made no reference to the duration of time plaintiff L. M. Warden may have voluntarily abandoned his wife. Construing section 5242, Comp. Stat. 1921, supra, and the construction heretofore placed upon the same by this court, we are of the opinion that the trial court committed prejudicial error in the giving of instructions numbered 12 and 13, even if the abandonment of the wife by the husband were in issue. The court should have qualified the same by instructing the jury that the abandonment, if any, must have existed for a period of one year. It has been frequently held by our courts that enlistment in the United States Army is not within itself an abandonment.

The judgment of the trial court is reversed, with instructions to grant a new trial.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 2 C. J. p. 373, sec. 140. (2) 4 C. J. p. 1036; 38 Cyc. pp. 1612, 1613. (3) 4 C. J. p. 1029.