## WILLIAMS v. OTIS.

No. 20681.   Opinion Filed Feb. 23, 1932.

Mackey & Parker, for plaintiff in error.

J. C. Norman and Marion J. Northcutt, for defendant in error.

CLARK, J. This action was commenced in the county court of Cotton county by plaintiff in error, Earl C. Williams, against the defendant in error, Edgar Otis. The parties, appearing here as they appeared in the trial court, will be designated plaintiff and defendant.

The plaintiff alleged in his amended petition that one D. Higdon was indebted to him for work and labor performed and material furnished in the sum of $100; that at the same time the defendant, Otis, was indebted to the said D. Higdon in a sum approximately $300; that at the said time, plaintiff, Williams, D. Higdon, and the defendant, Otis, entered into an oral contract whereby defendant was to pay to plaintiff the said $100 due and owing by D. Higdon to plaintiff out of the monies owing to D. Higdon by the defendant. That pursuant to said agreement, and relying thereon, plaintiff canceled and satisfied said indebtedness owing to him by D. Higdon in full, and substituting the defendant, Otis, as the debtor. That as a part of said contract, at the request of defendant, Otis, written order was executed by D. Higdon, directing defendant to pay plaintiff, which order was delivered to defendant by plaintiff and orally accepted and retained by defendant; and by reason thereof defendant became liable to plaintiff for said $100, and prayed for judgment for said amount, interest and cost.

The defendant filed answer by way of general denial, and admitted he was delivered an instrument of the date of the order, but addressed to no particular party; denied that he received any consideration therefor; denied that he owed D. Higdon and denied he owed D. Higdon at this time, and denied he ever proposed or agreed to pay plaintiff any money. Denied the agreement had any consideration in favor of defendant; alleged that the purported agreement, if any was had, which he denied, was void and shows on its face that it was void, without consideration and made for pure accommodation and without effect to bind defendant.

Plaintiff filed motion to strike that part of the answer alleging the contract was void, made without consideration and for accommodation. Which was overruled, and exception saved.

Plaintiff filed reply by way of general denial of the allegations in the answer.

The cause was tried to a jury, and verdict rendered for the defendant. Plaintiff filed motion for new trial, which was overruled, exception saved, gave notice of appeal in open court and brought the cause here for review.

Without taking up each of the assignments of error presented by plaintiff in error, we will take up the "Sixth Proposition" presented, to wit:

"6. The court erred in giving the following instruction to the jury, to wit:

"You are instructed, gentlemen of the jury, that if you find by a preponderance of the evidence that the defendant did owe to D. Higdon the sum of $300, or any amount more than $100, and that the defendant promised and agreed with Higdon and the plaintiff that he would pay the sum of $100, if you find he owed as much as $100 to Higdon, and that acting upon that promise and relying thereon, and in consideration of said promise, the plaintiff released the debt owed to him by Higdon, then and in that event you should find in favor of the plaintiff for the sum agreed upon with interest from and after January 25, 1928, otherwise you should find for the defendant and so say by your verdict."

To the giving of which instruction the plaintiff excepted.

We are of the opinion that the petition fairly pleaded, and the cause was tried on the theory of novation by the substitution of a new debtor.

It was held in Martin v. Leeper Bros. Lumber Co., 48 Okla. 219, 149 Pac. 1140, that there are four essential elements constituting a novation: (1) A previous valid obligation; (2) the agreement of all parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one.

We are of the opinion that the trial court erred in placing a burden upon the plaintiff to prove the existence of an obligation between defendant, Otis, and one D. Higdon; the said D. Higdon being the one from whom plaintiff received the order; and the said Higdon and plaintiff being the parties between whom the original obligation existed.

The plaintiff was only required to prove the existence of a valid claim due from one D. Higdon to plaintiff; the order from Higdon, and the acceptance of the order from Higdon to plaintiff in payment of said valid claim; the extinguishment of the valid claim between plaintiff and D. Higdon; and the validity of the new contract between defendant, Otis, and the plaintiff, and the agreement of all the parties to the new contract.

In the case of Drumright State Bank v. Westerheide, 124 Okla. 108, 254 Pac. 80, in the 3rd paragraph of the syllabus, this court said:

"To establish the existence of a novation, or substituted contract, it is not essential that express words agreeing to the substitution be proven; it is sufficient if an agreement to substitute may be reasonably deduced from facts and circumstances put in proof in the case showing the conduct of the parties concerning the new or substituted contract."

It is the duty of the trial court to properly instruct the jury upon the decisive issues made by the pleadings and the evidence introduced at the trial of the cause; and the giving of the instruction heretofore set out, complained of by plaintiff, wherein the court placed the burden upon the plaintiff to prove that the defendant, Otis, owed one D. Higdon, constitutes reversible error.

The judgment of the trial court is reversed and the cause remanded for a new trial.

LESTER, C. J., and HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, CULLISON, and SWINDALL, JJ., absent.

Note.—See under (1) annotations in 5 L. R. A. 414; 10 L. R. A. 369; 36 L. R. A. (N. S.) 464; L. R. A. 1915B. 61; 20 R. C. L. 368, 371; R. C. L. Perm. Supp. p. 4889; R. C. L. Pocket Part, title Novation, § 14.