## ADWON v. KETCHAM.

No. 23169.    Oct. 16, 1934.

Rehearing Denied Nov. 13, 1934.

H. A. Wilkinson, John R. Guyer, and S. A. Horton, for plaintiff in error.

Stanard & Carey and Stone, Moon & Stewart, for defendant in error.

PER CURIAM. There is no controversy before this court as to the judgment rendered by the trial court in favor of the plaintiffs. In the brief of the plaintiff in error, it is stated that plaintiffs' claim had been fully settled. The case is appealed to this court by Adwon to review the action of the lower court in rendering judgment in favor of the defendant Ketcham upon his cross-petition against Adwon in the sum of $654.55 and interest and for an attorney fee of $100, and declaring the judgment to be a lien second to that rendered upon the plaintiffs' note and mortgage.

Defendant in error in his cross-petition against plaintiff in error pleaded that the premises were owned by the defendant Anna Belle Wright; that she had contracted with plaintiff in error to construct improvements thereon; that defendant in error had sold materials to plaintiff in error in the above amount for that purpose; that the materials were so used, were not paid for, and that a materialman's lien statement for the amount of the materials furnished was filed against the premises, and prayed judgment against plaintiff in error for the amount due for the materials furnished, for the establishment and foreclosure of the lien, and for an attorney fee in the sum of $100.

In his answer to the cross-petition of the defendant in error, plaintiff in error admitted that he contracted with the defendant in error to furnish materials for the building of the house on the premises in question, but alleged that he had directed defendant in error not to furnish any paint for use on the house, and alleged that defendant in error had furnished materials to the amount of only $340.65, and tendered that sum to defendant in error.

Jury was waived and the case was tried to the court. At the conclusion of the trial the court found the issues in favor of the defendant in error and rendered judgment for him against the plaintiff in error for the full amount prayed for in his cross-petition.

At the commencement of the trial plaintiff in error asked leave to file an amended answer denying all personal liability for any materials purchased, and alleging that in the transaction in which he purchased the materials he was acting as the agent of his codefendant, Anna Belle Wright, and that this fact was well known to the defendant in error. He did not make any showing as to why in his original answer he had pleaded as though the obligation was his own, that he had purchased material only to the amount of $340.65, and had admitted his obligation for that sum.

The filing of this amended answer would have substantially changed the issues. Leave to file the amended answer was by the trial court denied and this ruling is assigned as error. The allowance of such an amendment rested within the sound judicial discretion of the trial court, and in the absence of an abuse of that discretion its ruling on the application will not be disturbed on appeal. Lamb v. Alexander et al., 83 Okla. 292, 201 P. 519. Under these circumstances we do not find an abuse of discretion in the trial court's ruling.

Plaintiff in error assigns as error the refusal of the trial court to permit him to prove under the general denial of his answer that in purchasing the materials he was acting as agent for his codefendant, Anna Belle Wright, and that such obligation as was created was hers. Whether this would be true if his answer had consisted only of a general denial, we need not decide, for following the general denial the joint answer of plaintiff in error and Anna Belle Wright alleges:

"For separate paragraph of answer, Joe Adwon alleges that he specifically contracted and agreed with H. E. Ketcham, his agents and employees, that the said H. E. Ketcham should furnish George Gorman, who was building the house, certain material and lumber to go into the house prescribed in these proceedings; specifically directing to the agent of the plaintiff herein not to deliver to George Gorman any paint. This answering defendant alleges that the said H. E. Ketcham furnished lumber and material to the amount of $340.65, which went into the improvements upon the property described in these proceedings, and no more; and that the said defendant, Joe Adwon, therefore tenders to the said H. E. Ketcham the sum of $340.65, being the full amount of the material that went into the construction of said house and improvements therein, and which is all the material authorized to be furnished to the said George Gorman by these answering defendants; that if any further material of any kind or character was furnished to the said George Gorman, it was without authority from this answering defendant, and against his specific instructions to the agent of the said H. E. Ketcham. This answering defendant, Anna Belle Wright, asks that the cross-petitioners take nothing as against

her, and the defendant, Joe Adwon, here tenders the sum of $340.65 and asks that he be permitted to pay the same in full satisfaction of the claim of the said H. E. Ketcham, and that he go hence without delay.

"H. A. Wilkerson,

"S. A. Horton,

"Attorneys for defendant Anna Belle Wright and Joe Adwon."

These statements were clear admissions of plaintiff in error's personal liability; they are his solemn declarations. He is bound by them. Wilkinson v. Stone, 82 Okla. 296, 200 P. 196; Miller et al. v. Gregory et al., 132 Okla. 48, 269 P. 303; Home Ins. Co. of New York v. Whitchurch, 139 Okla. 1, 281 P. 234.

The only issues raised by the answer of the plaintiff in error were: First, as to the amount of materials sold and delivered under the oral contract of sale had between the parties; and, second, whether in ordering the materials for use, the plaintiff in error limited the defendant in error as to the amount and kind of materials to be furnished.

The action between the parties before this court, being an action to foreclose a lien, is an equitable action, and this court will examine and weigh the evidence, but the findings and judgment will not be disturbed on appeal unless it appears that such findings and judgment are against the clear weight of the evidence. Chestnut v. Worley et al., 164 Okla. 153, 23 P. (2d) 196; Melton v. Whitney et al., 164 Okla. 220, 23 P. (2d) 660; McKay v. Kelly, 130 Okla. 62, 264 P. 814; Cull v. Cavanaugh, 95 Okla. 157, 218 P. 299; Thomas v. Halsell, 63 Okla. 203, 164 P. 458.

The defendant in error proved by one W. E. Baker, the man in charge of his lumber yard, and by one George Gorham, who testified that he was employed by the plaintiff in error, Joe Adwon, to do the work on the buildings for him, that the materials claimed by defendant in error to have been sold to plaintiff in error were all sold and used in the building; that at the time of giving the order plaintiff in error told the defendant in error to let the witness George Gorham have the material needed for the repair of the building, and that he would pay for it soon after the job was completed.

Plaintiff in error and A. S Kouri, his brother-in-law, testified that in giving the order plaintiff in error limited the amount of the bill to $340 or $350. Plaintiff in error also testified that he forbade defendant in error to furnish any paint for the building. Kouri, who was present when the order was given, said that he did not hear anything said about paint. Plaintiff in error offered no testimony in support of the allegations of his answer that less than the amount of materials sued for were delivered.

We are unable to find from all the evidence that the judgment of the trial court is against the clear weight of the evidence. Finding no reversible error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys L. A. Maris, Peyton E. Brown, and P. W. Cress in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Maris and approved by Mr. Brown and Mr. Cress, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.