GUARANTEE INVESTMENT CORPORATION et al. v. KILLIAN et al.

No. 27539.    May 4, 1937.

Charles D. Scales, for plaintiffs in error.

S. A. Wilkinson and W. M. Caudill, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county. The action was instituted by the defendants in error, hereinafter referred to as plaintiffs, against the plaintiffs in error, hereinafter referred to as defendants, to obtain injunctive relief, the cancellation of a judgment, and actual and exemplary damages on account of alleged wrongful garnishment. The facts which gave rise to this litigation may be briefly stated as follows: Woodruff Automobile Finance Company, on October 11, 1930, obtained a judgment in the justice court of Carl Traub against the plaintiffs (and others not here involved) for the sum of $50 and costs. The judgment roll shows that this judgment was based upon personal service. Woodruff Automobile Finance Company was later adjudicated a bankrupt and the judgment by mesne assignments became the property of the Guarantee Investment Corporation; execution was issued on this judgment on September 14, 1935, and while the justice's docket shows that it was returned unsatisfied, the execution itself had no return endorsed thereon. On October 16, 1935, and again on October 29, 1935, the defendants caused garnishment writs in aid of execution to be issued and served upon the employer of plaintiffs. The garnishee made answer to each writ by a denial of any indebtedness to the plaintiffs. The plaintiffs filed a verified motion to discharge the garnishment wherein they alleged that the judgment had been paid in full shortly after its rendition, and thereafter one of the plaintiffs filed an affidavit of exemption. Since the garnishee had answered that it was not indebted to the plaintiffs, nothing appears to have been done with either the motion or affidavit. Defendants thereafter, on November 6, 1935, caused another writ of garnishment to issue and to be served upon the employer of the plaintiffs. To this writ, garnishee answered that it was indebted to one of the plaintiffs in the sum of $4 and to the other in the sum of $4.09. Plaintiffs then commenced this action. Plaintiffs' evidence was to the effect that they had never been served with summons in the original action and had no knowledge of the judgment until shortly prior to the institution of this action, and that the execution issued thereon on September 14, 1935, had never been served or returned, and that by reason of necessity of defending said garnishment writs, the plaintiffs had been damaged each in the amount of $10 on account of loss of time and in the amount of $12.50 on account of attorney fees which they had been obliged to incur. Evidence of the plaintiffs further tended to show that the defendants in causing said writs to issue had been actuated by a desire to harass and oppress the plaintiffs rather than to enforce the judgment and make a collection thereof. The evidence of the defendants tended to establish their claim of good faith and to negative the claim of malice and oppression. The cause was tried to a jury, and by stipulation of the parties the court instructed the jury orally. The court sua sponte instructed the jury that the judgment in the justice court had become dormant, and that the proceedings of the defendants were wrongful, and directed them to return a verdict in favor of the plaintiffs under their claim of actual damages; and further instructed the jury that if they believed from the evidence that the defendants had caused the garnishment writs to be issued for the purpose of injuring or harassing the plaintiffs, or in order to oppress them, then they would be at liberty to award the plaintiffs exemplary damages in any amount not in excess of $1,000. Upon the instructions thus given, the jury returned three verdicts. In one they found for the plaintiff J. W. Rollins and fixed his recovery at $24.50 actual damages and $200 exemplary damages; in another they found for the plaintiff Lloyd Killian and fixed his recovery at $20.50 actual damages and $200 exemplary damages; and in a third verdict they found in favor of one of the other defendants, as they were directed to do by the court. In passing upon the motion for new trial, the court reduced the actual damages which had been allowed in the verdicts of the jury by striking therefrom the item of attorney fees in each instance, and with this modification

overruled the motion for new trial, approved the verdicts of the jury, and rendered judgment in favor of the plaintiffs and against the defendants, Guarantee Investment Corporation, Victor Mead, and Cecil L. Hurley. The named defendants appeal. The defendants assign 19 specifications of error, seven of which they have expressly waived. The remaining assignments in their ultimate analysis present for determination the following questions: First, Were the allegations of plaintiffs' petition sufficient to state a cause of action? Second, Was the evidence sufficient to support the verdict of the jury and the judgment rendered thereon? And third, Was there fundamental error in the instructions given to the jury?

The trial court, as we have previously stated, directed the jury to return a verdict in favor of the plaintiffs on the issue of actual damages and instructed them that the judgment under which the garnishment had been issued was dormant, and that therefore the acts of the defendants were illegal and wrongful. This, in our opinion, constituted fundamental error. The judgment under which the defendants were proceeding was one which had been entered in a justice court. Section 992, O. S. 1931, provides as follows:

"Execution for the enforcement of a judgment before a justice of the peace may issue by the justice before whom the judgment was rendered, or by his successor in office, on the application of the party entitled thereto, at any time within five years from the entry of the judgment or the date of the last execution issued thereon."

The judgment involved had been entered in the justice court on October 11, 1930, and execution thereon had been issued on September 14, 1935. This was within the time provided by statute in which an execution might issue. The issuance of an execution within the period provided rather than the return of such execution is the decisive factor to be employed in determining whether the judgment has been kept alive or has become dormant. Dodson v. Continental Supply Co., 175 Okla. 587, 53 P. (2d) 582; Miller v. J. I. Case Threshing Machine Co., 149 Okla. 281, 300 P. 399; Saville's Estate v. Schroyer, 65 Kan. 303, 68 P. 1130.

Under section 1010, O. S. 1931, garnishment in aid of execution is authorized when an execution issued by a justice of the peace has been returned unsatisfied. If the garnishments were wrongful, they were so not by reason of any dormancy in the judgment, but because the execution of September 14, 1935, had not been returned unsatisfied at the time of their issuance. The record of the justice of the peace shows that it had been so returned. The instrument bore no return, and whether the execution had in fact been returned before the issuance of the garnishment writs thus became a matter for the jury to determine from all of the evidence before it. As stated by this court in Oklahoma State Bank of Ada v. Reed, 143 Okla. 131, 288 P. 281, 85 A. L. R. 635:

"One suffering from a wrongful attachment or garnishment is entitled to recover from the party obtaining the issuance of the order for the damages he suffers."

There are three distinct classes of remedies available to the parties injured by wrongful garnishment. See Row v. Morris, 174 Okla. 119, 49 P. (2d) 1103. In the case at bar, apparently the plaintiffs were proceeding on the theory of statutory remedy for wrongful garnishment. Where the facts are sufficient to warrant such relief, both actual and punitive damages may be recovered. Shawnee National Bank v. Miser & Son, 171 Okla. 317, 46 P. (2d) 909.

In the case at bar, under the pleadings and evidence of the plaintiffs, an effort was made to prove that the defendants had acted not only without authority of law, but for the express purpose of harassing and oppressing the plaintiffs and causing them to lose their employment, and the evidence of the defendants was calculated to negative this contention and to establish the good faith of the defendants in causing the writs to be issued. The evidence of the plaintiffs established the fact that the judgment under which the defendants had acted was alive and not dormant. Under these circumstances the action of the court in directing the jury to return a verdict in favor of the plaintiffs on their claims of actual damages, and failure to submit properly the theory of the defendants, and in instructing the jury that the judgment was dormant, constitutes such fundamental error as to necessitate a reversal of this cause. As said in Williams v. Otis, 155 Okla. 73, 8 P. (2d) 728:

"It is the duty of the trial court to properly instruct the jury upon the decisive issues made by the pleadings and the evidence introduced at the trial, and a failure to do so constitutes reversible error."

See, also, Oklahoma Producing & Refining Corp. of America v. Freeman, 88 Okla. 166, 212 P. 742.

In view of the conclusion thus reached, and the fact that this cause must be reversed and remanded for a new trial, we do not deem it necessary to discuss the other contentions raised and presented by the defendants, as they will doubtless not arise upon a subsequent trial of the case.

Reversed and remanded, with directions to grant a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur. RILEY and GIBSON, JJ., absent.