## LIBERTY NAT. BANK OF WEATHERFORD, OKLA., v. SEMKOFF.

No. 28285.   Nov. 15, 1938.

A. J. Welch, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error

PER CURIAM. This is an appeal from a judgment of the district court of Custer county. The parties occupy the same positions here as they did in the trial court, and will be referred to as they appeared below. The action was instituted on March 23, 1937, by the plaintiff against the defendant, and others not here involved, to obtain a money judgment for the sum of $132.26, alleged to be a balance due on a promissory note, and the further sum of $93.90 attorney fee as provided in the note, and to obtain the possession of certain personal property which had been mortgaged to secure the indebtedness evidenced by said note. The defendant in his answer admitted that he had executed the note, and that he had paid the amounts credited thereon by the plaintiff, and denied that there was due thereon the amount claimed by the plaintiff, and that he was liable for an attorney fee, and alleged that on March 5, 1937, there was due on said note the sum of $99, including interest, and that he had tendered the sum of $125 in full satisfaction of said indebtedness and for release of the mortgage, and that said tender had been refused and that he had at all times stood ready, able, and willing to pay the correct balance due on said note; and then by cross-petition charged that the transaction was tainted with usury, and averred that there was due on said mortgage the sum of $124, and that since plaintiff was seeking to recover the sum of $63

as interest, he was entitled to offset twice that amount against the amount due from him on the note, and asked that plaintiff take nothing and that the note and mortgage be canceled, and that he recover a reasonable fee for his attorney. Reply was a general and specific denial. The cause was tried to a jury who, in answer to a special interrogatory, found that the defendant had tendered the balance due on the note before suit was brought thereon, and who thereupon rendered a general verdict in favor of the defendant. Motion for judgment non obstante veredicto as well as a motion for new trial and supplemental motion for new trial were overruled and denied, and the plaintiff has perfected this appeal.

The plaintiff assigns six specifications of error which it presents and discusses in its brief under five propositions. These may be summarized as follows: (1) The form of the verdict was improper; (2) the court failed to instruct the jury upon the decisive issues presented by the pleadings and the evidence; (3) the court erred in submitting the special interrogatory to the jury; (4) the court erred in giving certain instructions; (5) the court erred in not correctly instructing the jury on the fundamental issues involved.

In view of the conclusion which we have reached in this case, it will be unnecessary to review the evidence or to discuss all of the contentions advanced by the plaintiff. The defendant by his answer admitted that there was a balance due on the note of not less than $99, and pleaded a tender which had been refused by the plaintiff. Under the circumstances, the questions necessary to a determination of this appeal become solely questions of law. As said in the case of Lee v. Little, 81 Okla. 168, 197 P. 449:

"Where a party to an action makes solemn admissions against his interest in a pleading, they should be treated as admitted facts, and he will not be heard to question the correctness thereof at any stage of the case in the trial court or on appeal, when properly preserved in a transcript or case-made so long as they remain a part of the record. If the statements or admissions were made under an honest mistake or misapprehension of what the facts really were, and he desires to be relieved from the effects thereof, he should apply to the trial court for leave to withdraw such admission or pleadings."

See, also, Adwon v. Ketcham, 169 Okla. 428, 37 P.2d 432; Morton v. Central National Bank of Okmulgee, 171 Okla. 494, 43 P.2d 394; Gooldy v. J. B. Klein Iron & Foundry Co., 170 Okla. 466, 40 P.2d 1070; Atlantic Fire Ins. Co. v. Smith, 183 Okla. 97, 80 P.2d 216.

The answer of the defendant put in issue the question of whether he was indebted to the plaintiff in any greater sum than that which he had tendered to it and which it had refused to accept, and not whether he was indebted to the plaintiff in any amount. The tender and its refusal did not lessen in any manner the actual liability of the defendant. For, as said in the case of Loth-Hoffman Clothing Co. v. Schwartz, 74 Okla. 18, 176 P. 916:

"A valid, legal tender of money by a debtor which is refused by a creditor, does not operate as a satisfaction of the debt, and is no bar to an action on the debt; the effect of such tender, when the tender is maintained, being to discharge the debtor from liability for interest subsequent to the tender and costs afterwards incurred."

Since the plaintiff did not save exceptions to the instructions given as required by section 360, O. S. 1931 (12 Okla. Stats. Ann. sec. 578), we are precluded from reviewing such instructions further than to ascertain whether they are free from fundamental error. Beck v. Day, 178 Okla. 310, 62 P.2d 1014; Pure Oil Co. v. Chisholm, 181 Okla. 618, 75 P.2d 464; Jewel Tea Co. v. Ransdell, 180 Okla. 203, 69 P.2d 69; Shobe v. Sykes, 169 Okla. 491, 37 P.2d 908; Scott v. Scott, 129 Okla. 176, 264 P. 159. We have therefore examined the instructions given by the court merely for the purpose of determining whether or not they are free from fundamental error, and we find that they fail to instruct the jury upon the decisive issues made by the pleadings and the evidence introduced at the trial, and are in this respect fundamentally erroneous. See Guarantee Investment Corp. v. Killian, 180 Okla. 74, 67 P.2d 939; Williams v. Otis, 155 Okla. 173, 8 P.2d 728; Oklahoma Producing & Refining Corp. of America v. Freeman, 88 Okla. 166, 212 P. 742. On account of the errors above pointed out, the cause must be reversed and remanded for a new trial.

Reversed, with directions to grant a new trial.

OSBORN, C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.