## ROBB et al. v. CHAPMAN et al.

No. 29029.   Oct. 31, 1939.

L. A. Winans, of Duncan, for plaintiffs in error.

James E. Grigsby, of Madill, for defendants in error.

PER CURIAM. L. B. Chapman filed this action in the district court of Marshall county against Fred Poulter, Paul R. Robb, and J. T. Grooms, seeking a money judgment and foreclosure of a lien for material furnished on the leasehold premises being developed for oil and gas, and claiming the right to enforce the lien under section 10978, O. S. 1931, 42 Okla. St. Ann. § 144. Various other lien claimants intervened. The issues were joined by the defendants Paul R. Robb and J. T. Grooms, whereupon, after trial, the court entered a judgment against Fred Poulter, who defaulted, and ordered foreclosure of the leasehold premises as to all of the defendants. The defendants Paul R. Robb and J. T. Grooms have appealed and assign as error the holding of the trial court that their interest in the leasehold estate is subject to the lien.

The sole issue is that the evidence presented does not justify the judgment against the interest of the defendants Paul R. Robb and J. T. Grooms.

The record discloses that the defendants Paul R. Robb and J. T. Grooms had commenced to drill a test well on the premises and had drilled to a certain depth and thereupon encountered drilling difficulties. They entered into a project with the said Fred Poulter to complete the well. At the time of making this arrangement with the said Poulter to deepen the well, the defendants Paul R. Robb and J. T. Grooms had reached a depth of approximately 5,400 feet. The machinery and casing began to cause trouble and the hole was in such a condition that they sought the advice and activity of said Fred Poulter to complete the well upon conditions including money payment for labor and supplies.

We think it unnecessary to review the evidence with relation to the nature and extent of the enterprise further than to state that we have examined the record and find that under the rule announced in H. H. Reardon Drilling Co. v. Southwest Gas Utilities Corp., 175 Okla. 358, 53 P.2d 573; McAnally v. Cochran, 170 Okla. 368, 46 P.2d 955, and Gillespie v. Shufflin, 91 Okla. 72, 216 P. 132, the court was justified in finding that there was a mining partnership.

In National Union Oil & Gas Co. v. Richard, 164 Okla. 13, 18, 22 P.2d 88, 93, we said:

"* * * When persons jointly interested in a leasehold, or in the success of the drilling of a well, co-operate and work together in the drilling of the well and in the development of the leasehold, such conduct may constitute them mining partners, and creates a mining partnership, which under the law is created not by agreement alone or joint interest alone, but by their joint interests and their agreements and their actions and conduct in co-

operating together in the project, and that each case must be determined from the express or implied agreements and the facts and circumstances shown to exist therein."

In Billingsly v. Parmenter, 181 Okla. 315, 73 P.2d 869, this court announced the rule that upon proper assignment questioning the sufficiency of the evidence this court will examine and weigh the same, but will not disturb the judgment of the lower court unless it appears that said judgment is clearly against the weight of the evidence. See Adwon v. Ketcham, 169 Okla. 428, 37 P.2d 432.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ. concur.