VAN ANTWERP et al. v. TULLER et al.

No. 33547. Jan. 24, 1950.

*214 P. 2d 237.*

S. J. Clendinning, of Tulsa, for plaintiffs in error.

Amos J. Nichols and Stephen K. Callaway, both of Tulsa, for defendants in error.

O'NEAL, J. This is an action brought by Everett Tuller and Gladys Tuller against L. N. Van Antwerp et al., trustees of the Colonial Housing Corporation, to recover damages because of an alleged breach of warranty as to the quality and fitness of a certain septic tank made in connection with a contract for the sale of premises located in the city of Tulsa and upon which the tank had been constructed.

The action was originally brought in the justice of the peace court of the city of Tulsa, and after judgment appealed to the court of common pleas of Tulsa county.

Plaintiffs in their bill of particulars, in substance, pleaded: On the 14th day of May, 1946, defendants entered into a written contract with them, whereby they agreed to sell and convey the property to them for the sum of $5,750, the consideration to be paid in monthly installments, and the deed not to be issued until the installments were paid; that defendants warranted that the house constructed on the premises was in good condition and fit for occupancy as a home, and that the septic tank was in good order and not defective; that the tank was located underground and covered with dirt so as to make it impossible for plaintiffs to examine or inspect it; that after they had occupied the premises for some time they discovered that the tank was not in good condition, did not function properly, was not properly constructed, and that defendants, after having been notified of such condition, refused to repair the tank; that they then employed a septic tank cleaning man to clean it out, and while attempting so to do the top of the tank fell in and that they were compelled, at their own expense, to repair the tank and at a cost of $174.88, for which amount they pray judgment.

The answer of the defendants consisted of a general denial.

It will thus be noted that the only issue raised by the pleadings in the case is as to whether defendants warranted the septic tank to be in good working order and not defective, and as to whether the tank was in the condition as warranted.

While the evidence is in conflict on this issue, there is sufficient competent evidence to sustain the allegations of plaintiff in this respect and sufficient to have authorized the jury to find a verdict in favor of plaintiffs on such issue.

The trial court did not, however, in its instruction submit such theory or issue to the jury. The case was submitted to the jury on an entirely different theory, the theory of fraudulent concealment of the condition of the tank from the plaintiffs. The court in its instruction told the jury:

"You are further instructed, Gentlemen of the Jury, that if the defendants knew of the condition of the septic tank, that they were bound to disclose to the plaintiffs that the same was in a faulty condition at the time the plaintiffs entered into the contract to purchase the real property herein."

The jury under this instruction returned a verdict in favor of plaintiffs for the entire amount claimed, and judgment was entered on the verdict.

Defendants appeal, and, among other things, contend that the court committed error in giving the above instruction. With this contention we agree. The instruction is not within the issues raised by the pleadings or evidence in the case. While there is some evidence tending to show that the septic tank was not properly constructed and was not in good condition at the time the contract was entered into, there is a total lack of evidence tending to show that the defendants knew of such condition and fraudulently concealed the same from plaintiffs.

The undisputed evidence shows the tank was constructed under specifications provided for by the F. H. A. and approved by the county board of health, and that after the tank was completed, it was examined and inspected by the F. H. A., the county board of health, and the State Board of Health, and approved by them.

The evidence shows that the premises involved had been continuously rented from about 1943 until the present contract was entered into and that no complaint had ever been made to defendants that the spetic tank was not properly functioning or properly constructed.

L. N. Van Antwerp, one of the defendants, testified that if the tank was not in proper condition and not properly constructed and not properly functioning, neither he nor any other of the defendants had any knowledge of such condition and received no notice thereof. There is no evidence tending to prove the contrary.

The defendants also offered evidence tending to show that the caving in of the tank was caused by carelessness of the employees of plaintiffs while attempting to clean it out. The evidence was wholly insufficient to justify the submission of such issue to the jury.

While the evidence is sufficient to have sustained a finding that the septic tank was warranted to be in good condition and not defective and that it was not as warranted, the evidence as to this issue is conflicting and defendants were certainly entitled to have this issue, and the only issue raised by the pleadings, submitted to the jury under proper instructions. There is no competent evidence to sustain the verdict under the theory upon which the case was submitted.

It is well established that it constitutes error to instruct the jury upon a material issue not raised by the pleadings and evidence in the case. Boatman's Bank v. Rogers, 177 Okla. 85, 57 P. 2d 860; Dill v. Johnson, 121 Okla. 62, 247 P. 349.

The record discloses that the trial court in its instruction to the jury did not define the issues as raised by the pleadings nor did it give any instruction whatever applicable to such issues. Defendants contend that the trial court committed error in failing so to do. With this contention we agree.

It is the duty of the trial court on its own motion to properly instruct the jury upon the decisive issues made by the pleadings and the evidence introduced at the trial and a failure so to do constitutes error. Liberty National Bank of Weatherford v. Semkoff, 184 Okla. 18, 84 P. 2d 438; Guarantee Investment Co. v. Killian, 180 Okla. 74, 67 P. 2d 939.

Defendants assign other errors consisting of irregularities occurring at the trial to which they excepted. Since the case must be reversed for the reasons above stated, and since the errors complained of are not likely to occur at a retrial, we deem it unnecessary to further discuss or consider these assignments.

Judgment reversed and cause remanded for new trial.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. ARNOLD, V. C. J., and HALLEY, J., concur in result. CORN, J., dissents.