MIDLAND VALLEY RAILROAD COMPANY, a Foreign Corporation, and James Tracy Allen, Plaintiffs in Error,

v.

Leonard McKEE, Defendant in Error.

No. 40259.

Supreme Court of Oklahoma.

Nov. 26, 1963.

As Corrected Feb. 11, 1964.

Rehearing Denied Feb. 11, 1964.

Railroad Company for damage to property, and defendant appeals. References herein will be to the parties as they appeared in the trial court.

Plaintiff's truck, pulling a loaded trailer, was crossing the Midland Valley Railroad tracks where same cross Second Street in Tulsa, Oklahoma. Defendant's train struck the trailer. The trailer was demolished and the truck-trailer was overturned and damaged. There was damage and loss to the trailer load of onions being transported by plaintiff's vehicle.

The accident happened at approximately 12:30 P.M., May 15, 1958. Plaintiff's vehicle was proceeding East along Second Street which is also Highway 75 at the location concerned. It is a one-way street. It has four lanes of traffic and plaintiff's truck was being driven in the first lane North of center-line of the street. Its driver, John McKee, plaintiff's brother, had started up from the intersection of Elgin and Second Streets after change of the traffic light there, and had progressed the short distance to the railroad intersection when defendant's train, coming from the North, struck the trailer part of the vehicle at a speed approximately five to eight miles per hour. The truck was shown to be moving at from fifteen to twenty miles per hour. A quonset-type steel building of height equivalent to a two-story building is fifty-two feet west of the center-line of defendant's railroad track. The building is constructed upon ground some six feet higher than track or street level. Thus, it is apparent that neither vehicle operator could have seen the approach of the other vehicle until one of them reached a point quite close to the intersection.

The driver of the truck testified, as did two other witnesses, that the automatic signal maintained by defendant at the crossing was not working just prior to the accident. There was a sharp conflict in the evidence on this point as several witnesses, employees of defendant, and two others, testified that the signal was working immediately prior to the accident.

James D. Gibson, W. M. Roberts, Muskogee, Harry L. Dyer, Tulsa, for plaintiffs in error.

Sanders, McElroy & Whitten, Tulsa, for defendants in error.

WELCH, Justice.

Upon a jury verdict Leonard McKee obtained judgment against Midland Valley

Defendant pleaded and defended upon denial of negligence and that plaintiff, through his driver, was guilty of contributory negligence, and at the close of the evidence of plaintiff interposed a demurrer which was overruled. At the close of all the evidence the trial court overruled defendant's motion for a directed verdict, and submitted the cause to the jury. After judgment was rendered for the plaintiff, the motion of defendant for a new trial was overruled, and defendant appealed.

Defendant has submitted several propositions complaining of various errors in the court's instructions, its ruling on defendant's demurrer to the evidence and motion for a directed verdict, and excessiveness of the verdict. Under its first two propositions defendant urges that the court erred in submitting to the jury negligence of the railroad in the operation of its· flashing signal. It says that the mere failure of the signal to function, if there was a failure, was not evidence of negligence in the absence of it being shown that prior to the accident defendant knew or should have known of a malfunction or defect in operation of the signal. That if the signal failed to operate the failure is not negligence per se and the driver of the truck is not relieved of the duty to exercise ordinary care in approaching and crossing defendant's railroad track. In opposing these two propositions plaintiff points out that defendant itself requested an instruction practically identical to one given by the court, and may not properly be heard to complain here, and that the instructions fairly and fully submitted the driver's alleged contributory negligence to the jury. The mention of those propositions herein merely predicates the subject of defendant's fourth proposition which is considered determinative of this appeal; it complains of the giving of Instruction No. 11 because the subject of it was not in the evidence. The instruction was probably misleading in its effect.

Instruction No. 11 was as follows:

"You are instructed that the Corporation Commission of the State of Okla- ·

homa, on the 13th day of December, 1929, ordered and directed the defendant to install, maintain and operate a Flasher Signal at Second Street and Midland Valley Railroad railroad crossing to protect the public on Second Street in using the track."

The order had not been pleaded nor was its violation alleged as a ground of negligence in the pleadings and no evidence was introduced of the order. The order was twice offered, but rejected by the trial court as being incompetent, irrelevant and immaterial. It is contended by defendant that the instruction was tantamount to instructing that a failure of the device to function constituted a failure by defendant to maintain and operate it for protection of the public as ordered by the Corporation Commission.

We have said that it is the duty of the trial court to instruct the jury on the issues raised by the pleadings and supported by the evidence, and nothing more. See Western Union Telegraph Co. v. Faris, Okl., 293 P.2d 562, 563. In Overstreet v. Bush, 208 Okl. 365, 256 P.2d 416, it was held that the granting of a new trial by the trial court under such circumstances was not error. See, also, Van Antwerp v. Tuller, 202 Okl. 366, 214 P.2d 237, and Warden v. Kerns, 108 Okl. 115, 233 P.2d 1048.

The instruction states that by order of the Corporation Commission the defendant must maintain and operate a flasher signal at Second Street and the Midland Valley Railroad railroad crossing to protect the public. If read by itself the absence therein of mention that a violation of the order must be the proximate cause of the accident is liable to interpretation by the jury that the fact that a collision occurred warrants a finding that the defendant did not exercise care in properly protecting the public, including the plaintiff. If read in connection with other instructions, Instruction No. 13 carries forward an additional concept of such nonfunctioning being an invitation to the. operator of the plaintiff's ve-

hicle to proceed across the railroad track as to emphasize the significance of Instruction No. 11. In the absence of waiver, the instruction ought not have been given over the objection of a protesting litigant.

Our conclusion aforesaid makes it unnecessary to include herein rulings on the other propositions submitted. The thoroughness with which the issues otherwise submitted were briefed renders it improbable that the questions therein raised will be involved in a re-trial of the case.

Reversed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and IRWIN, JJ., concur.

BERRY, J., concurs in result.